**JUDSON v. UNITED STATES.**
Nos. 42522, 42811.

Court of Claims.
June 1, 1936.

William J. Hughes, Jr., of Washington, D. C. (Earle D. Norton, of New York City, on the brief), for plaintiff.

Joseph H. Sheppard, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

Plaintiff as trustee of the Adrienne B. Charles Trust, quoted in finding 1, sold during 1928 certain stocks and bonds which he held subject to the terms of a trust and realized a profit of $44,470.94. In March, 1929, he filed a fiduciary return for 1928 reporting, among other income, this profit from the sale of trust securities. On the same day he filed an individual income tax return (as trustee) for 1928 showing a tax of $4,225.06 based upon the above-mentioned profit of $44,470.94. This tax he paid during 1929. At the time the returns mentioned were filed by the trustee, Adrienne B. Charles filed her individual income tax return for 1928 show-

ing a tax of $40.49. Thereafter, in November, 1930, subsequent to the death of Adrienne B. Charles, the life beneficiary under the trust the Commissioner of Internal Revenue proposed a deficiency of $6,100.62 in respect of the income of Adrienne B. Charles for 1928, which proposed additional tax resulted from the conclusion reached by the Commissioner at that time that the profit of $44,470.94 from the sale of the securities mentioned was distributable under the terms of the trust, and therefore was income to the beneficiary. Shortly thereafter plaintiff, as trustee, filed a claim for refund.

After the Commissioner had allowed an overassessment to the trustee and had assessed a deficiency against the beneficiary, he reversed his action on the ground that he had made a mistake. Thereupon he held that under the terms of the trust the profit in question was not to be distributed currently by the fiduciary to the beneficiary and that the profit from the trust had been correctly reported by the fiduciary in the return for 1928. Accordingly, he abated the additional assessment in respect of the income of Adrienne B. Charles for 1928 and rejected plaintiff's claim for refund. We are of opinion that the Commissioner's final decision was correct and that plaintiff is not entitled to recover in either action.

Section 162 of the Revenue Act of 1928 (26 U.S.C.A. § 162 and note) provides that the net income of an estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that there shall be allowed as an additional deduction, in computing the net income of the trust, the amount of the income of the estate or trust for its taxable year which is to be distributed currently to the beneficiary. The gain of $44,470.94 involved in this case was derived by plaintiff as fiduciary from the sale of a part of the trust corpus, and the question is whether it was income of the trust which was distributable to the life beneficiary under the terms of the trust instrument quoted in finding 1. Although this gain was "income" in a general sense, it does not follow that such gain was a part of the "net income" distributable to the beneficiary and taxable to her. In order to determine this question we must ascertain (1) the intention of the parties, (2) whether distribution was mandatory or discretionary under the terms of the trust, (3) whether distribution was in fact made, and (4) if the foregoing points are found in favor of plaintiff, the treatment of the gain under the laws of the state where the trust is being administered. The intention of the parties to the trust that the trustee was not required under the terms of the trust to distribute the profits is clearly established by the facts showing that they so construed the trust and when it was proposed to treat the gain as income distributable to the beneficiary vigorous protests were made by both parties. We think it is also clear that the distribution of the income here involved was discretionary with the trustee. The provision of the trust quoted in finding 1 vested in the trustee the absolute and unrestricted discretion to pay to the beneficiary so much of the principal of the trust as the trustee might determine, even to the whole of the principal. It seems clear therefore that the profit derived from the sale of the trust property constituted an accretion to the trust corpus rather than the income from such corpus, and the profit derived from the sale of the securities in question was taxable to the trustee and not to the life beneficiary.

Subdivision (b) of section 162 of the Revenue Act of 1928 (26 U.S.C.A. § 162 (b) and note) provides that in computing net income the trustee may claim as a deduction the amount of income for the taxable year which is to be distributed currently by the fiduciary to the beneficiary. No direction can be found in the trust instrument requiring the trustee to pay to the life beneficiary any portion of the corpus. That matter was committed to his discretion. Although the agreement required the trustee to receive and collect the "income, dividends, and profits" from the trust property, he was required to distribute to the beneficiary only the "net income." The item here in controversy was a profit derived from the sale of a part of the corpus of the trust as distinguished from income of the trust as the term "income" appears to have been used in the trust and as understood by the parties, and we find nothing in the trust agreement which required the trustee to distribute the profits. The intention of the parties to the trust, as evidenced by their actions, must be given effect in determining whether the income of the trust, including profit from the sale of the corpus, was by the terms of the trust to be distributed currently or in the discretion of the trustee. We think the facts and circumstances require the conclusion that the distribution of the profit in question was left entirely to the discretion of the trustee.

While state laws and decisions of state courts cannot restrict the operation of federal taxing statutes, the law of the state where the trust was executed and administered is persuasive in determining whether a profit is income of that character which must be distributed to the beneficiary under the terms of the trust in question. Under the decisions of the New York courts, the profit on the sale of the trust property is not distributable to the life beneficiary but increases the trust corpus.

We think the tax sought to be recovered was properly reported and paid by the trustee and no recovery can therefore be had. The petitions are dismissed and it is so ordered.