THE PEOPLE OF THE STATE OF NEW YORK ex rel. WEBER AND HEILBRONER, INC., Petitioner, *v.* MARK GRAVES and Others, Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, November 11, 1936.

*Maass & Davidson* [*Wilbur C. Davidson, Monroe L. Friedman* and *David Weinstein* of counsel], for the petitioner.

*John J. Bennett, Jr., Attorney-General* [*Joseph M. Mesnig, Assistant Attorney-General,* of counsel], for the respondents.

HEFFERNAN, J.   In this proceeding petitioner is asking us to review a final determination of respondents, denying its application for a refund of certain retail sales taxes.   On the argument counsel for the respective parties requested the court to disregard technical objections and to decide the issue on the merits.   We are complying with that request.

The question of law presented is whether a trustee in bankruptcy operating, under an order of the bankruptcy court, the business of a bankrupt corporation and selling tangible personal property at retail, is subject to the sales tax imposed by article 17 of the Tax Law (added by Laws of 1933, chap. 281), in a case where the corporation, if conducting the business itself, would have been subject to such tax.

Petitioner contends that the statute imposing a retail sales tax did not include a trustee in bankruptcy.   Respondents assert that it did.

On January 16, 1933, petitioner, the corporate name of which at that time was X Shops, Inc., was adjudicated a bankrupt and one Sinclair was appointed as trustee in bankruptcy of its estate by the United States District Court with authority to carry on and continue its business of selling at retail men's wearing apparel and haberdashery.   It appears that the trustee conducted the business of the estate until January 24, 1934, on which date the United States District Court confirmed a composition upon petitioner's estate and upon the same day the trustee, by an instrument in writing, assigned to petitioner all the assets in his hands as such trustee.

In its petition for the order of certiorari petitioner alleges that during the time when the trustee in bankruptcy was conducting the business he filed sales tax returns and paid to the State retail sales taxes for that period amounting to the sum of $13,241.25. In this respect petitioner is clearly mistaken.   Practically the entire amount of the tax in question covered periods of time when petitioner and not the trustee was conducting the business.   That is not very material, however, in view of the fact that our decision is predicated on other grounds.

At the time of the imposition and payment of the taxes involved in this proceeding section 391 of the Tax Law imposed upon " every person " a tax of one per centum upon the receipts from sales at retail of tangible personal property during the period commencing May 1, 1933, and ending June 30, 1934. That section further provided, in part: " The burden of proving that a sale of tangible personal property was not a sale at retail shall be upon the person who made it, unless such person shall have taken from the purchaser a certificate  *  *  *  to the effect that the property was purchased for resale. For the purpose of the proper administration of this article and to prevent evasion of the tax hereby imposed it shall be presumed that all receipts are subject to the tax until the contrary is established."

Section 390 of the Tax Law as it then existed defined the word " person " as follows:

" When used in this article:

" (a) The word ' person ' includes an individual, copartnership, society, association, joint stock company, corporation and any combination of individuals."

By chapter 394 of the Laws of 1935 the quoted portion of that statute was amended to read:

" When used in this article:

" (a) The word ' person ' includes an individual, copartnership, society, association, joint stock company, corporation and any combination of individuals *and also an executor, administrator, receiver, trustee or other fiduciary.*"

The Legislature made this amendment retroactive to April 19, 1933, which is the effective date of the original enactment of article 17 of the Tax Law.

Petitioner strenuously urges that the term " person," defined by section 390 of article 17 of the Tax Law, prior to the 1935 amendment of such section, does not include a trustee in bankruptcy, and that consequently such an official was immune from the payment of retail sales taxes. In taking this position petitioner finds consolation and support in the case of *Matter of Flatbush Gum Co., Inc.* (73 F. [2d] 283). In that case the Circuit Court of Appeals for the Second Circuit had before it the question as to whether a receiver in bankruptcy was subject to the provisions of sections 390 and 391. The court held that a receiver in bankruptcy did not come within the definition of " person " subject to the tax. The court, after reviewing the legislative definition of the term " person " as contained in the statute said: " Its failure to include a receiver in this enumeration was, we think, highly significant, and indicates an intention to permit such sales to be made by a receiver

tax free. Indeed, the tax being laid upon ' the privilege of selling,' being imposed upon ' every person,' and person being defined as above indicated, it is clear that a taxable sale is but the exercise of the privilege of selling by a person within the statutory definition. An intention to tax retail sales made by receivers must be indicated by words which may reasonably be accepted to disclose it before courts may construe the statute to mean that for the coverage of taxing acts it is not to be extended by implication." Concluding its opinion the court said: " The principle that taxation by implication is not favored controls this appeal and leads us to the conclusion that the statute does not reach the sale made by this receiver." Certiorari in this case was denied by the United States Supreme Court. (*Matter of Flatbush Gum Co., Inc., sub nom. New York* v. *Arnold,* 294 U. S. 713.)

Petitioner has also called to our attention *Reinecke* v. *Gardner* (277 U. S. 239), upon which it relies. In that case the question involved was whether the Excess Profits Tax Law of 1917 imposing a tax on corporations, partnerships and individuals engaged in trade or business included a trustee in bankruptcy. The United States Supreme Court held that it did not and said: " The title made no mention of executors, receivers, trustees or persons acting in a fiduciary capacity, and contained no language corresponding to the quoted provision of Title I, § 4, extending the additional income tax to ' the same incomes ' taxed by § 10 of the Act of 1916. A tax imposed on corporations alone does not extend to a trustee in bankruptcy of a corporation."

The decision of the Circuit Court of Appeals in *Flatbush Gum Co., Inc. (supra),* is not binding upon the courts of this State. The construction of State statutes is primarily a matter for the State courts. As this court said in *People ex rel. Rice* v. *Graves* (242 App. Div. 128; affd., 270 N. Y. 498; certiorari denied by the United States Supreme Court, 298 U. S. 683) the decisions of Federal courts not involving the construction of the Constitution or laws cf the Federal government have only persuasive force in our courts on a similar set of facts, but are not to be regarded as binding precedents. The correct interpretation of section 390 of the Tax Law is still an open question to be decided by our own tribunals. We feel compelled to reject the construction which the Circuit Court of Appeals placed upon that section in the *Flatbush Gum Co., Inc.,* case. In our opinion it is too restricted, too narrow.

The definition of the word " person " contained in section 390 is clearly indicative of a legislative intent to subject all receipts from sales of tangible property at retail to the tax, whether made by an individual on his own behalf or while acting as receiver

or trustee or in any other fiduciary capacity. It should be noted that the definition made no reference to an executor or administrator, yet no one would seriously contend that the Legislature intended that a merchant should be subject to this tax upon sales made in his lifetime but that upon his death identical sales should be exempt from tax because made by his legal representatives. To hold that the Legislature intended to relieve receivers and trustees from the application of the tax would be to impute to that body a design to give such officials an unconscionable advantage over individuals engaged in like occupations. A privilege tax, such as this, is eventually passed on to the consumer and is reflected in the selling price. If a trustee in bankruptcy who continues the business of the bankrupt estate is immune from the tax he may sell his merchandise at the same price as his competitors and retain the tax or undersell his competitors by the amount of such tax. We are not willing to ascribe such an absurd intent to the law-making body. Clearly such was not the intention of the Legislature in enacting this law. On the contrary, it is plain that the broadest possible base was intended and hence the presumption was created that "all receipts are subject to the tax until the contrary is established." Such a comprehensive provision is manifestly inconsistent with a contention that, by the definition of the word "person," it was intended to exclude receipts from sales by individuals acting as receivers, trustees, executors or in other fiduciary capacities. Far from intending an exclusive definition, a broad, general, inclusive and all-embracing definition was intended. Consequently, besides individuals, partnerships, corporations, societies, joint stock companies, associations and any combinations of individuals were all comprehended in the term "person."

There is another reason why the doctrine announced in the *Flatbush Gum Co., Inc., Case* (*supra*), does not apply here. That case is distinguishable upon the facts. It involved the imposition of a sales tax upon the sum realized upon a final liquidation sale by a receiver in bankruptcy who was neither authorized to conduct the bankrupt's business, nor actually did not. The court there said: "The business was not continued by the receiver, and the sale was an essential step in liquidation." Here the trustee was authorized to carry on the business and it actually was continued. We may safely assume that the trustee made purchases and sales exactly as petitioner had done prior to bankruptcy; that he advertized his goods and did everything he could to make his operations profitable and successful in competition with other merchants in the same line of business. Any influence which the *Flatbush Gum Co., Inc.,* case might otherwise have upon us is of little avail in

view of the irreconcilable distinction between a receiver or trustee to foster, conserve and liquidate assets and one who is authorized to, and actually does, carry on and continue a going business.

It is at once apparent that a wide distinction exists between the situation of a receiver in bankruptcy conducting a single, isolated sales transaction in liquidating and winding up a bankrupt estate and that of a trustee empowered to continue the bankrupt business and who actually does carry on the business in competition with other merchants in the same business. The courts have been cognizant of this distinction in matters relating to taxation. (*Michigan* v. *Michigan Trust Co.*, 286 U. S. 334; *Central Trust Co.* v. *N. Y. C. & N. R. R. Co.*, 110 N. Y. 250; *New York Terminal Co.* v. *Gaus*, 204 id. 512.)

In *Reinecke* v. *Gardner* (*supra*) the court was considering a Federal statute. We are here concerned with the interpretation of a State law, the exclusive province of the State courts, and on such a question Federal decisions construing Federal statutes while instructive are not conclusive.

In this proceeding we think the respondents have correctly construed and applied the provisions of the tax statutes. Because of that conclusion we deem it unnecessary to decide the interesting question discussed in the briefs of counsel as to the retroactive application of the amendment to section 390 of the Tax Law by chapter 394 of the Laws of 1935.

The determination of the State Tax Commission is confirmed, with fifty dollars costs and disbursements.

HILL, P. J., RHODES, CRAPSER and BLISS, JJ., concur.

Determination confirmed, with fifty dollars costs and disbursements.