THE PEOPLE OF THE STATE OF NEW YORK ex rel. EMIL MOSBACHER, Relator, *v.* MARK GRAVES and Others, Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, June 22, 1938.

*Olvany, Eisner & Donnelly* [*Mark Eisner* of counsel; *Ferdinand Tannenbaum* and *Frederick A. Galloway* with him on the brief], for the relator.

*John J. Bennett, Jr., Attorney-General* [*Joseph M. Mesnig, Assistant Attorney-General,* of counsel], for the respondents.

BLISS, J. Emil Mosbacher, a resident of the State of New York, filed his personal income tax return for the year 1933, showing a net income for normal and emergency tax purposes, of $62,999.59 and paid the tax thereon at the proper rate. He was a dealer in securities and his principal source of income was from this business. The profit and loss statement of this business for the year in question contained an expense item of $35,000 for legal expenses. The Income Tax Bureau, upon auditing his return, disallowed this item of expense upon the ground that it was a personal rather than business expense and assessed an additional tax against him.

Upon the formal hearing it was established that the $35,000 was actually paid by Mr. Mosbacher for services rendered in connection with an additional assessment of income tax made against him by the United States Treasury Department involving the valuation of inventories in his securities business. He defended himself against this assessment and was successful in saving a large amount of the additional tax and penalties. No question is raised as to the fee paid his attorneys being fair and reasonable or having been necessary. The only point is whether this legal expense in opposing an additional assessment of federal income tax growing out of his business is a proper deduction in computing his State personal income tax.

Under subdivisions 1 and 3 of section 360 of the Tax Law, a taxpayer in computing his net income may deduct " all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, or in the production of income required to be included in gross income; " and " taxes other than income taxes." The Tax Commission was of the opinion that inasmuch as the duty of paying the state tax on personal incomes is imposed alike on all persons whether engaged in business or not, an expense incurred in representing a taxpayer before the United States Treasury Department where the income was connected with a trade or business, was not an ordinary and necessary expense paid or incurred in carrying on a trade or business. It argued also that since the Federal income tax itself was not deductible, an expense incurred in reducing that tax was likewise not deductible.

The same question has arisen several times under identical Federal income tax statutes and has been universally held to be a proper deduction. United States Code, title 26, section 23, subdivision (a) allows as a deduction " all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." While, of course, Federal decisions are not binding, they are highly persuasive, especially where the statutes are identical, the decisions uniform and the reasoning logical. Uniformity of construction between Federal and State taxing statutes is highly desirable and entitled to great weight in determining an open question. It is apparent that this State statute was copied verbatim from the Federal, thus indicating a strong legislative intent for uniformity in interpretation. (*Matter of Weiden*, 263 N. Y. 107.)

In *Kornhauser* v. *United States* (276 U. S. 145) the Supreme Court held that attorney's fees incurred in the defense of a suit between parties relating to the partnership business was a business

expense and an allowable deduction. After citing certain analogous cases, the court said: " The basis of these holdings seems to be that where a suit or action against a taxpayer is directly connected with, or, as otherwise stated (*Appeal of Backer*, 1 B. T. A. 214, 216) proximately resulted from, his business, the expense incurred is a business expense within the meaning of § 214 (a), subd. (1) of the act. These rulings seem to us to be sound and the principle upon which they rest covers the present case. If the expense had been incurred in an action to recover a fee from a client who refused to pay it, the character of the expenditure as a business expense would not be doubted. In the application of the act we are unable to perceive any real distinction between an expenditure for attorney's fees made to secure payment of the earnings of the business and a like expenditure to retain such earnings after their receipt. One is as directly connected with the business as the other." Similar holdings have been made by the United States Board of Tax Appeals. (See *Estate of Browner* v. *Commissioner of Internal Revenue*, 36 B. T. A. 145; *Slack* v. *Commissioner of Internal Revenue*, 35 id. 217, and *Kissel* v. *Commissioner of Internal Revenue*, 15 id. 1270.)

In the instant case the taxpayer incurred the expense while opposing an additional assessment of Federal income tax arising out of and directly connected with his business. This made it a proper business deduction under the Federal rule and the State does not urge the contrary, nor that it did not arise out of his business. True, the result was a saving which did not increase the tax payable to the State. However, it was good business judgment on his part to engage the attorney and make the fight against the additional assessment. This assessment arose out of relator's business and the cost of its reduction was part of his business expenses. The fact that income taxes paid by the taxpayer are not deductible has no bearing upon the question before us.

The determination of the Tax Commission should be annulled and the additional assessment refunded, with interest and fifty dollars costs and disbursements.

HILL, P. J., RHODES and CRAPSER, JJ., concur; HEFFERNAN, J., dissents: I dissent from the opinion of Justice BLISS and vote to confirm the determination of the Tax Commission. It seems to me that a legal fee paid by the relator in resisting an additional assessment of Federal income tax growing out of his business activities cannot be regarded as an "ordinary and necessary " expense of carrying on business within the meaning of the Tax Law. The Federal cases cited are not controlling. (*People ex rel. Rice* v. *Graves*, 242 App. Div. 128; affd., 270 N. Y. 498; certiorari denied,

298 U. S. 683; *People ex rel. Weber & Heilbroner, Inc., v. Graves,* 249 App. Div. 49; leave to appeal denied, 273 N. Y. 681.)

Determination annulled, with fifty dollars costs and disbursements, and additional assessment directed to be refunded, with interest.