THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES R. DUNCAN and Others, as Trustees under the Will of GEORGE FOWLER, Deceased, Late of the City of Binghamton, New York, Relators, v. MARK GRAVES and Others, Constituting the Tax Commission of the State of New York, Respondents.

Third Department, July 11, 1939.

*Jenkins, Deyo & Hitchcock [Israel T. Deyo of counsel], for the relators.*

*John J. Bennett, Jr., Attorney-General [Joseph M. Mesnig, Assistant Attorney-General, of counsel], for the respondents.*

BLISS, J. The question here presented is whether the relators, as trustees of the testamentary trust under which the testator's widow and son received specified annual payments, are entitled to deduct such payments in computing the taxable income of the trust.

George Fowler died on November 4, 1924, leaving a last will and testament which was probated in the Surrogate's Court of Broome county. By its nineteenth paragraph he gave the entire residue of his estate to his executors and trustees, in trust for certain specified

purposes, including the following: " to collect the rents, issues, incomes and profits therefrom and, after deducting all necessary costs, charges and disbursements, to pay over therefrom to my wife Eda Fowler, and to my son George W. Fowler, during the term of their joint lives, each the sum of Twelve Thousand Dollars ($12,000) per annum, from and after the date of my decease, semi-annually, or at such more frequent intervals, as my said executors and trustees may deem expedient; and upon the death of either, then to pay over to the survivor the sum of Twelve Thousand Dollars ($12,000) during the remaining term of her or his natural life; and in case such rents, issues, income and profits should be insufficient to pay the same, then to pay out of the principal of the funds in their hands such an amount as will make up the deficiency each year, provided, however, that any such payment made out of the principal shall be replaced out of any income subsequently received by my trustees in excess of the amount requisite to make the annual payments above provided for."

The total amount of the trust finally set up under this paragraph of the will was $919,266.92, consisting of $5,923.92 cash, $424,898 worth of real estate, and $488,445 of securities. The trustees filed fiduciary income tax returns for the calendar years 1933, 1934, 1935 and 1936, from which it appears that payments of $12,000 each were made annually to Eda Fowler, the widow and George W. Fowler, the son. The relators paid no tax on any part of the trust income of $39,909.11 in 1933, $40,539.63 in 1934, $47,550.10 in 1935 and $36,358.84 in 1936. The State Tax Commission made assessments of income tax against the relators with respect to the payments of $12,000 each made to Eda Fowler and George W. Fowler for the years in question, upon the ground that these payments were annuities and, as such, taxable to the fiduciaries. The taxes thus assessed were paid and the relators now are seeking by this proceeding to compel their refund.

The sole question here is whether the payments to Eda Fowler and George W. Fowler under paragraph nineteen of the will are annuities and thus a gift, bequest or devise within the meaning of paragraph c of subdivision 2 of section 359 of the Tax Law not deductible by the trustees in determining net income and not taxable to the recipients. If these annual payments of $12,000 to the widow and son of testator are properly moneys received by them as bequests under the will of testator they are not taxable to these individuals, but would be taxable as against the trust estate. If, however, these payments are a mere distribution of income to the beneficiaries of the trust then these payments would be taxable as income to the individuals and not taxable as against the trust estate.

This identical question involving the same trust under a similar statute was passed upon by the United States Board of Tax Appeals in the case of *Duncan* v. *Commissioner of Internal Revenue* (34 B. T. A. 999; affd., 91 F. [2d] 1012; certiorari denied, 302 U. S. 752). It was there held that these payments were bequests to the widow and son, payable at all events and constituting a charge against the entire trust estate (with the possible exception of certain real property), and that these payments were not dependent upon the amount of income received by the trustees. This result has conclusive support in the trust provision that if the income should be insufficient to pay these annual amounts then the same shall be paid out of principal.

We see no reason to differ from this conclusion of the Board of Tax Appeals and the Federal courts. (See *People ex rel. Mosbacher* v. *Graves*, 254 App. Div. 438; affd., 279 N. Y. 793.) It is to be noted that the will directs that the widow and son were each to receive a specified amount per annum and that this amount was payable regardless of whether the income from the trust estate was sufficient to pay these annuities or not. This seems to us to be quite determinative here. As was said by the United States Supreme Court in *Helvering* v. *Pardee* (290 U. S. 365): " Payments to Mrs. Pardee by the fiduciary were not necessarily made from income. The charge was upon the estate as a whole; her claim was payable without regard to income received by the fiduciary. Payments to her were not distribution of income, but in discharge of a gift or legacy."

The determination of the State Tax Commission should be confirmed, with fifty dollars costs and disbursements.

HILL, P. J., CRAPSER and HEFFERNAN, JJ., concur.

Determination confirmed, with fifty dollars costs and disbursements.