In the Matter of the Application of the BANK OF RICHMONDVILLE and JOHN D. HOLMES, as Surviving Executors, etc., of WILLIAM E. LEWIS, Deceased, Petitioners, for the Review of a Determination, under Article 16 of the Tax Law, of MARK GRAVES and Others, as and Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, March 6, 1940.

Jones, Clark & Higson [Francis D. Higson of counsel], for the petitioners.

John J. Bennett, Jr., Attorney-General [Joseph M. Mesnig, Assistant Attorney-General, of counsel], for the respondents.

HEFFERNAN, J. This is a proceeding under article 78 of the Civil Practice Act and sections 199 and 375 of the Tax Law, to review a determination of the State Tax Commission which confirmed an assessment of income tax against the petitioners for the calendar year 1937.

The only question involved is whether respondents properly assessed against petitioners as the executors of the last will and testament of William E. Lewis, deceased, an income tax computed upon a profit of $234,258.75 arising from a sale by the executors of 7,551 shares of Mohawk & Hudson Power Corporation preferred stock, an asset of the estate which they represented, for the sum of $840,249.

The facts are not in dispute. William E. Lewis died testate on January 2, 1932, leaving an estate valued at approximately $1,778,000. His will was admitted to probate on January 15, 1932. A judicial construction of this instrument terminated in an adjudication that certain trusts attempted to be thereby created were invalid with the result that the bulk of the estate descended by intestacy to a daughter, Laura Lewis Norris. (Matter of Lewis, 147 Misc. 857; affd., 240 App. Div. 938.)

The will nominated Bank of Richmondville, Ellis Morris and John D. Holmes as executors and trustees and provided that they should each receive $1,000 annually, " in full for their services

as executors and trustees " in lieu of fees, allowances and commissions. Morris died in 1936. No final accounting has been had and each year the executors paid to themselves each the sum of $1,000. For the year 1937 the surviving executors paid to themselves each a like sum.

On September 14, 1937, the surviving executors sold and transferred to Niagara Hudson Power Corporation for $840,249 the 7,551 shares of stock of Mohawk & Hudson Power Corporation which their decedent owned at the time of his death and thereby realized a profit for the estate of $234,258.75. On the following day the executors paid to Bank of Richmondville a promissory note representing an indebtedness of the estate to that institution. Earlier in the year they had paid Federal and State income taxes against the estate for the year 1931.

Laura Lewis Norris filed no personal income tax return for the year 1937, claiming to be a resident of the State of Florida and a non-resident of this State.

On or about the 7th day of April, 1938, the executors filed a fiduciary income tax return on behalf of the estate with respect to the calendar year 1937. Two items of income were reported; (1) interest received, $304.31, and (2) the profit from the stock transaction, $234,258.75. Deductions totaling $8,260.22 were claimed, which included an item of $4,717.81, representing legal and other expenses in connection with the stock transaction. The balance remaining, $226,302.84, was deducted as representing " income distributed to beneficiary," and net income of the estate was reported as " none." The return further reported that the total amount paid to Laura Lewis Norris was $714,265.40, of which $226,302.84 was designated as her share of income.

On or about November 22, 1938, the Tax Commission made an assessment of tax against the estate computed upon the profit of $234,258.75, allowing as a deduction only the item of expense incurred in connection with the transaction amounting to $4,717.81, such tax so assessed amounting to $15,747.87, which tax has since been paid.

An application for revision having duly been made, the matter came on for formal hearing after which the Commission made its final determination, to review which this proceeding has been brought.

Section 365 of the Tax Law, so far as here pertinent, read as follows in 1937:

" 1. The tax imposed by this article shall apply to estates and trusts, which tax shall be levied, collected and paid annually upon and with respect to the income of estates or of any kind of property held in trust, including:

" a. Income received by estates of deceased persons during the period of administration or settlement of the estate; * * *.

" 3. In cases under paragraphs a, * * * of subdivision one of this section, the tax shall be imposed upon the estate or trust with respect to the net income of the estate or trust and shall be paid by the fiduciary, except that in determining the net income of the estate of any deceased person during the period of administration or settlement there may be deducted the amount of any income properly paid or credited to any legatee, heir or other beneficiary."

The corresponding provision of the Federal statute is found as paragraph (3), subdivision (a) of section 161 and subdivision (c) of section 162 of the Revenue Act of 1932,* reading:

" Sec. 161  * * *  (a)  * * *  The taxes imposed by this title upon individuals shall apply to the income of estates or of any kind of property held in trust, including  * * *

" (3). Income received by estates of deceased persons during the period of administration or settlement of the estate  * * *."

" Sec. 162  * * *  The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual except that  * * *

" (c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate  * * *  there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary."

Section 359, subdivision 2, paragraph c of the Tax Law reads:

" The term ' gross income;'

" 2. Does not include the following items which shall be exempt from taxation under this article:

" c. The value of property acquired by gift, bequest, devise or descent."

The corresponding Federal statute is section 22, subdivision (b), paragraph (3) of the Revenue Act of 1936,† reading:

" The following items shall not be included in gross income and shall be exempt from taxation under this title:

" (3)  * * *  The value of property acquired by gift, bequest, devise or inheritance."

---

* 47 U. S. Stat. at Large, p. 169.— [Rep.
† 49 U. S. Stat. at Large, p. 1657.— [Rep.

Section 17-b of the Personal Property Law, as added by chapter 706 of the Laws of 1931, reads: "Unless otherwise expressly provided by the will of a person dying after this act takes effect, all income from real and personal property earned during the period of administration of the estate of such testator and not payable to others or otherwise disposed of by the will shall be distributed *pro rata* as income among the beneficiaries of any trusts created out of the residuary estate of such testator and the other persons entitled to such residuary estate. None of such income shall, after such distribution, be added to the capital of the residuary estate the whole or any part of which is devised or bequeathed in trust or for life or for a term of years, but shall be paid ratably to the life beneficiary of a trust, or to the life tenant, or to the absolute residuary legatee, as the case may be. Unless otherwise directed in the will, income shall be payable to the life beneficiaries of trusts, or to life tenants from the date of testator's death. Nothing contained in this act shall affect the right of any person to income on any portion of the estate not part of the residuary estate of such testator."

On this appeal petitioners assert that the assessment should be annulled on the ground that the profits from the sale of the stock were not taxable to them as executors for the reason that the administration of the estate had been completed before 1937, the calendar year in question, and on the further ground that the sale of stock was in substance and legal effect a sale by the beneficiary, Laura Lewis Norris.

In our opinion neither of these contentions can be sustained.

The period of administration of an estate is the time required by the legal representatives to perform the ordinary duties pertaining to its settlement, especially the collection of assets and the payment of debts and legacies. No final accounting was made in this estate. Up to and including the year 1937 the executors paid commissions to themselves as provided in the will. In 1937 they paid an indebtedness of the estate to the Bank of Richmondville. In the same year they paid Federal and State taxes chargeable to the estate which they were administering. During the same year they had in their possession a major asset of the estate, consisting of the Mohawk & Hudson Power Corporation stock, which remained undistributed. In addition to those facts they evidently had title to some real property because they paid $500.93 in taxes that year.

Concededly the Lewis estate received in 1937 income in the form of capital gain amounting to $234,258.75 resulting from the sale of a major asset of the estate. The question is whether the execu-

tors, who in 1937 distributed to Laura Lewis Norris $714,265.40, being the proceeds of sale less expenses and deductions, may deduct from estate income that portion of the $714,265.40 which they computed as the excess above cost. In our opinion capital gain received by an estate becomes a payment of corpus, rather than of income, when distributed to a residuary legatee. A gain or surplus realized upon the sale of trust assets is an accretion of the capital fund and becomes part of the corpus; it is not currently distributable income. (*Matter of Gerry*, 103 N. Y. 445; *Matter of Schley*, 202 App. Div. 169; *Matter of Eger*, 139 Misc. 59; *Judson* v. *United States*, 15 F. Supp. 62.) By analogy it is clear that a capital gain realized by an estate upon the profitable sale of an estate capital asset must also become an addition to the corpus of the estate and, while it represents capital income to the estate, it is corpus and not income when it is distributed to a legatee as part of the distribution of the total corpus.

Under the provisions of paragraph a of subdivision 1 of section 365 of the Tax Law the gain of $234,258.75 must be treated as taxable income of the estate, except as authority for deducting from estate income the amount actually distributed to Laura Lewis Norris exists in the provisions of subdivision 3 of section 365. The latter provision permits the deduction of " the amount of any income properly paid or credited to any legatee, heir or other beneficiary." Section 17-b of the Personal Property Law makes it clear that the amount distributed by the estate to Laura Lewis Norris could not have been properly paid as income; on the contrary, it was rather the payment of a legacy or bequest, exempt from tax by section 359, subdivision 2. Then, too, it should be remembered that since Laura Lewis Norris is a resident of the State of Florida the transaction becomes tax free if not taxable to the estate. Certainly section 365, subdivision 1, paragraph a and section 365, subdivision 3, were never intended to afford an exemption from tax but merely a shifting of tax liability under certain circumstances. As was said in *Old Colony Trust Company* v. *Commissioner* (38 B. T. A. 828): " These sections of the statute are to be read in the light of the general precept of *Helvering* v. *Butterworth* (290 U. S. 365); *Helvering* v. *Pardee* (290 id. 365); *Bush* v. *Commissioner* (89 Fed. [2d] 596); *Anna M. Chambers et al., Trustees* (33 B. T. A. 1125); *William B. Weigel et al., Trustees* (34 B. T. A. 237), that the income of an estate is to be taxed to either the fiduciary or the beneficiary distributee, and that it may not be permitted to escape tax by falling in some way between the two."

In the case before us a daughter became entitled to certain payments from her father's estate, under his will and by the

Statutes of Descent and Distribution. No gift of income was provided for, although under section 17-b of the Personal Property Law, she was entitled to distributions of ordinary income " *earned* during the period of administration." Whatever else she received came to her as distributions of corpus, namely, as bequests exempted from tax under section 359, subdivision 2, paragraph c.

The fact that receipts constitute income in the hands of an estate does not necessarily stamp them as income in the hands of a distributee. Thus, annual payments from an estate to a life annuitant, though paid from estate income, are nevertheless bequests exempt from tax in the hands of a distributee and taxable to the estate. (*Burnet* v. *Whitehouse,* 283 U. S. 148; *Helvering* v. *Butterworth, supra; Helvering* v. *Pardee, supra; People ex rel. Duncan* v. *Graves,* 257 App. Div. 552.) In the *Butterworth* case the court said (p. 369): " The evident general purpose of the statute was to tax in some way the whole income of all trust estates. If nothing was payable to beneficiaries, the income without deduction was assessable to the fiduciary. But he was entitled to credit for any sum paid to a beneficiary within the intendment of that word, and this amount then became taxable to the beneficiary. Certainly, Congress did not intend any income from a trust should escape taxation unless definitely exempted." And in the *Pardee* case (at p. 370): " Payments to Mrs. Pardee by the fiduciary were not necessarily made from income. The charge was upon the estate as a whole; her claim was payable without regard to income received by the fiduciary. Payments to her were not distribution of income; but in discharge of a gift or legacy." Manifestly the payment made to Laura Lewis Norris by the executors was not necessarily made from income, was a charge upon the estate generally and must be regarded as the payment of a bequest or legacy, not as a distribution of income.

It is worthy of note that the State and Federal statutes dealing with the question involved closely parallel each other. Therefore, the decisions of the Federal courts on the subject, while not controlling, are highly persuasive. (*People ex rel. Rice* v. *Graves,* 242 App. Div. 128; affd., 270 N. Y. 498; certiorari denied, 298 U. S. 683; *People ex rel. Weber & Heilbroner, Inc.,* v. *Graves,* 249 App. Div. 49; leave to appeal denied, 273 N. Y. 681; *People ex rel. Mosbacher* v. *Graves,* 254 App. Div. 438: affd., 279 N. Y. 793.)

The precise question involved here upon facts substantially identical has been passed upon adversely to petitioners in the Federal courts. (*Weigel* v. *Commissioner of Internal Revenue,* 96 F. [2d] 387; *Chambers* v. *Commissioner, supra; Old Colony Trust*

*Company* v. *Commissioner, supra; Matter of Schaub* v. *Commissioner,* 40 B. T. A. 486.) The logic of those decisions appeals to us and in our opinion should be adopted as the rule to be applied in this proceeding. The determination of respondents is supported not only by precedent but by the dictates of common sense and justice and should be confirmed, with fifty dollars costs and disbursements.

HILL, P. J., BLISS, SCHENCK and FOSTER, JJ., concur.

Determination confirmed, with fifty dollars costs and disbursements.