## In re ROGERS' ESTATE.

## STICKNEY et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 261.

Circuit Court of Appeals, Second Circuit.

July 6, 1944.

---

John W. Drye, Jr., and Theodore Pearson, both of New York City (William H. Harrar, of New York City, of counsel), for petitioner.

Samuel O. Clark, Jr., Sewall Key, and Morton K. Rothschild, all of Washington, D. C., for respondent.

Before AUGUSTUS N. HAND, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

■ 1. The Tax Court held, and the taxpayers and the Commissioner now agree, that the sale was an installment sale within the meaning of § 44(b) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev. Code, § 44(b). We think that the Tax Court correctly held that the subsequent transfers by the executors of the installment obligations to various trusts of which the executors were themselves trustees and to an escrow agent for a residuary legatee, were within the provisions of § 44(d), "distributed, transmitted, sold, or otherwise disposed of." Maguire v. Commissioner, 313 U.S. 1, 61 S.Ct. 789, 85 L.Ed. 1149; and Helvering v. Gambrill, 313 U.S. 11, 61 S. Ct. 795, 85 L.Ed. 1155, are most persuasive here, although in those cases the tax arose under § 113(a)-5 of the 1928 Revenue Act, 26 U.S.C.A. Int.Rev.Acts, page 380. Taxpayers' contention that these transfers were transactions without real substance, because the installment obligations vested in the beneficiaries from the moment the obligations were acquired by the estate, is substantially the position taken by this court in its opinion in Commissioner v. Gambrill, 2 Cir., 112 F.2d 530, which was reversed by the Supreme Court in Helvering v. Gambrill, supra. In Brewster v. Gage, 280 U. S. 327, 50 S.Ct. 115, 74 L.Ed. 457, the question here before us was not considered; it is to be noted, too, that Brewster v. Gage was relied upon in this court in reaching its reversed decision in the Gambrill case.

■ 2. We also agree with the Tax Court that the capital gain resulting from the sale of decedent's property by the executors was not income of the estate "paid or credited" to beneficiaries within the meaning of § 162(c), 26 U.S.C.A. Int.Rev. Code, § 162(c). Decedent's will expressly forbade such a result since it provided that "all realized appreciation in the value of stock * * *, resulting from the sale * * * thereof, shall be considered principal and not income * * *." Likewise, under the New York decisions, such a gain is regarded as an addition to the corpus of the estate; Bank of Richmondville v. Graves, 259 App.Div. 4, 18 N.Y.S.2d 133, affirmed 284 N.Y. 671, 30 N.E.2d 720. In the accounts filed by the executors with the Surrogates they showed these gains as part of the "principal." In Weber v. Commissioner, 2 Cir., 111 F.2d 766, the terms of the will were such that the gains upon the making of the sale became at once a profit of the legatees; obviously it therefore immediately became income so far as they were concerned; that case is therefore not in point, and any language in that opinion possibly indicating a conclusion different from that we have reached here should be regarded as dictum. We think that Helvering v. Butterworth, 290 U.S. 365, 54 S. Ct. 221, 78 L.Ed. 365, is not at variance with the Tax Court's decision here; the Supreme Court there dealt not with the distribution of any portion of the estate but with an annuity, which it held not to be deductible as income distributed to a beneficiary.

■■ 3. Before the railway stock was sold by the executors, they had held it for about a year and a half. After the sale, the executors held the installment notes for a period of about ten months. If those ten months be properly added to the year and a half, then for the purpose of computing income under § 117(a), 26 U.S.C.A. Int. Rev.Acts, page 873, there was a holding for more than two years and less than five, with the consequence that 60% of the gain should be taken into account in computing income. § 44(d), relating to gain or loss upon the disposition of installment obligations, provides that "any gain * * * resulting shall be considered as resulting from the sale * * * of the property in respect of which the installment obligation was received." The purpose of that provision is shown by the Congressional Committee Reports which read in part as fol-

lows: "This amendment to the House bill makes it clear that where the profit on the sale or exchange of property is returned on the installment basis by spreading the profit over the period during which the installment obligations are satisfied or disposed of, such profit shall be taken into account under the brackets set forth in section 117 of the bill according to the period for which the original property sold was held rather than according to the period for which the installment obligations were held." In the light of that statement, we agree with the Tax Court that the period of holding here was for less than two years, and that, accordingly, 80% of the gain must be taken into account in computing income under § 117(a).

Affirmed.