**Dwight H. HUGHES and Cabell J. Hughes, Co-Administrators of the Estate of J. R. (Jonah R.) Hughes, Plaintiffs in Error,**

v.

**The OKLAHOMA TAX COMMISSION, J. D. Dunn, Chairman, L. L. Leininger and M. C. Connors, Members of the Tax Commission of the State of Oklahoma, Defendants in Error.**

### No. 42447.

Supreme Court of Oklahoma.

March 17, 1970.

Kothe, Eagleton & Hall, E. J. Eagleton, Tulsa, for plaintiffs in error.

Albert D. Lynn, E. J. Armstrong, R. O. Ingle, Oklahoma City, for defendants in error.

LAVENDER, Justice.

In this appeal from an order of the Oklahoma Tax Commission which assessed income tax for 1962, 1963 and 1964 against the estate of J. R. (Jonah R.) Hughes, deceased, we are presented with a question which has not been heretofore decided in this jurisdiction. That question is whether the gain realized upon the sale of a capital asset of an estate where such gain is distributed to the devisees and legatees named in decedent's will during the same year in which such gain was received is deductible from the gross income of the estate in computing the estate's income tax liability for the year of receipt and distribution. The statute, which the estate contends allows the deduction, is (or was, during the

years involved) 68 O.S.1961, § 884. The applicable portions of § 884 are:

"(D) (1) The tax imposed by this Act on individuals shall apply to estates and trusts, which tax shall be collected and paid annually upon, and with respect to, the income of estates or of any kind of property held in trust including:

"(a) Income received by estates of deceased persons during the period of administration of settlement of the estate;

" * * *."

and, in particular, the following:

"(3) In cases under paragraphs (a), (b), and (c), of subsection (D) (1), of this Section, (above quoted) the tax shall be imposed upon the estate or trust with respect to the net income of the estate or trust and shall be paid by the fiduciary, except that in determining the net income of the estate of any deceased person during the period of administration or settlement, *there may be deducted the amount of any income properly paid or credited to any legatee, heir or other beneficiary.* In such cases, the estate or trust shall be allowed the same credits as are allowed to single persons under Section 882, and in such cases an estate or trust created by a person not a resident, and an estate of a person not a resident, shall be subject to tax only to the extent to which individuals other than residents are liable." (Emphasis supplied.)

Without making a detailed statement of the circumstances giving rise to the controversy we think it sufficient to state that the gains involved represent the proceeds received upon an installment sale of a large ranch. The installments were received by the estate during the years above mentioned and were—in accordance with permission contained in the will of the decedent—fully paid to the individual heirs during the same years in which such payments were received. An order of the county court (and apparently the will involved) authorized the executor, during the administration of the estate and from time to time, to make distributions to named beneficiaries such as were made here.

The parties agree that the individual beneficiaries reported the capital gain involved on their individual income tax returns for the years involved and paid the proper amount of tax to the State of Oklahoma.

It is the contention of the Commission that the capital gain involved was not "income," as that word is used in § 884(D) (3), supra, but instead represented corpus.

The argument is made that it was not possible to distribute corpus and call it "income" simply for the purpose of obtaining the deduction mentioned in the statute. The contention is made also by the Commission that the term "income," as used in the last mentioned statute, means "ordinary income of the estate such as rental payments, dividends or interest * * *." In support of its contentions Commission cites the New York case of In re Lewis' Will, which is also entitled Bank of Richmondville et al. v. Graves (1940), 259 App.Div. 4, 18 N.Y.S.2d 133, affirmed, without comment, 284 N.Y. 671, 30 N.E.2d 720. Commission also relies upon an opinion of the United States District Court for the Southern District of New York, Simon et al. v. Hoey (1949), 88 F.Supp. 754, affirmed by the Court of Appeals, 2 Cir., 180 F.2d 354. Other federal court cases, to the same effect, are cited.

We think it is well to discuss the federal case first. In Simon et al. v. Hoey, supra, the author of the opinion, after carefully pointing out that the question of what is includible in "income" for federal income tax purpose is a federal question and that a again upon the sale of a capital asset of an estate is taxable, as income, to the estate, then said, regarding the question of whether a distribution of such a gain to a devisee or legatee during the same taxable year is "income * * * properly paid or credited" as those terms are used in 26 U. S.C.A. § 162(c):

"The state courts supervise and control the estates of decedents and the con-

duct of the executors and administrators of the estates. The state courts determine the rights of creditors, legatees and distributees and also the manner and method of payments of the estate to legatees and beneficiaries. Whether an executor may 'properly' pay a sum out of an estate, is a matter to be determined by local law, since it concerns problems over which the state courts exercise jurisdiction in the administration of estates. (Citing cases.)"

The federal court then went on to conclude that in New York the question had been settled by Bank of Richmondville v. Graves, supra.

That case refers to New York statutes very similar to our 68 O.S.1961, § 884(D) (1) and (3). Shares of stock were sold and a gain realized. That gain was distributed to the residual beneficiary and a claim was made by the executor that it was a deductible distribution of income. A disallowance of the deduction was affirmed on appeal.

We turn now to an analysis of the New York case.

First, it is apparent that in deciding the question New York relied, at least in part, upon a provision of its personal property law. Section 17–b of the New York Personal Property Law, McKinney's Consol. Laws, c. 41. That statute, which is unlike any in Oklahoma that has come to our attention, concerned "earned" income of an estate during administration (which, of course, would not include income from sale of capital assets) and situations where all or a portion of the residuary estate is placed in trust and the income involved is to the residuary estate. We notice that the author of the opinion in Simon v. Hoey, supra, did not agree with the New York court that the statute was directly applicable to the question involved in the Lewis estate (Bank of Richmondville v. Graves, supra). Secondly, we note that the New York court felt the rule, generally followed, that any accretion in a capital asset is not "income" but is an increase in the corpus or

capital, was applicable notwithstanding that no question was presented concerning a distinction between "corpus" and "income" for the purposes of distribution. The New York court, like this court in this case, had before it not a question involving rules pertaining to the administration and distribution of trust assets, but the question of whether "income," as such term is used in the section of the income tax law allowing a deduction from an estate's income tax liability, "any income properly paid or credited to any legatee, heir or other beneficiary," means all income which is includible in the gross income to such an estate (or individual, for that matter), or whether it means all income except that income derived from the sale of capital assets.

We think the question of whether or not 68 O.S.1961, § 884(D) (3), supra, includes income realized upon the sale of a capital asset is more logically answered by reference to the sections of our tax laws pertaining to income taxes rather than by referring to other sections of our statutes which, in the example of the regulation of trusts, provide a distinction between accretions to capital and ordinary income. We believe the New York case is distinguishable from our case.

We have examined the pertinent provisions of Oklahoma's income tax laws. We notice that income representing profit upon the sale of real estate is required to be included by taxpayers in arriving at their "gross income." 68 O.S.1961, § 878. Further, that the same tax liability is imposed on estates and trusts as is imposed on individuals. 68 O.S.1961, § 884(D) (1), supra. We find no provision in the income tax laws which authorizes a different treatment—for income tax purposes—of income from rental payments, dividends or interest and income from the sale of capital assets.

■ Therefore, as we view the matter, even if it may be said that a gain upon the sale of a capital asset is, for the purpose of distribution to those heirs, devisees or

legatees entitled thereto, properly describable as "corpus" or as principal, such distinction does not prevent the deduction of such income otherwise taxable as income to the estate, under 68 O.S.1961, § 884(D) (3), supra. We assume it was properly distributed. That is, that it was authorized by the will and was ordered by the court.

We hold that the legislative intent was for the term "income," as it was used (without the modifying word "net") in subsection (D) (3) of 68 O.S.1961, § 884, to mean exactly the same thing as the term "income," as it was used in paragraph (a) of subsection (D) (1) of the same section, so that, when determining the net income of the estate of a deceased person, with respect to which the fiduciary is required to pay the income tax for the estate's taxable year, the estate is allowed an additional deduction—after reducing the estate's "income" under paragraph (a) of subsection (D) (1) of said Section 884 by all other authorized deductions—equal in amount to any portion of such "income" that was properly paid or credited, during such taxable year, to any legatee, heir or other beneficiary.

■ In oral argument before this court and in its supplemental briefs filed subsequent to the oral presentation, the Commission contends that because the gain was part of the corpus it could not lawfully be distributed before all of the income and estate tax liability of the estate has been satisfied. Our attention is called to 58 O.S. 1961, § 635. That statute provides:

"Before any decree of distribution of an estate is made, the county court must be satisfied, by the oath of the executor or administrator, or otherwise, that all State, county, school and municipal taxes, legally levied upon personal property of the estate, and all income and estate taxes due the State of Oklahoma have been fully paid or arrangements satisfactory to the court have been made to secure the payment of same."

First, we assume, in the absence of any proof to the contrary, that the county court, before it entered its order authorizing the partial distribution of corpus and income, satisfied itself, by the means referred to in the statute, that all of the tax liability described in the statute had either been satisfied or proper arrangements had been made, by the representatives of the estate, to pay such obligations. Secondly, as we have held that that portion of the distribution representing the gain upon the sale of a capital asset is properly deductible under 68 O.S.1961, § 884(D) (3), there is no income tax liability upon the estate by reason of such income.

We also note that the recipients of the distribution of the taxable income have paid their individual tax upon their respective shares of such income. Under these circumstances, we are unable to see how the Tax Commission has shown that the State has been prejudiced by the order of the county court authorizing the partial distribution, or in what respect such order was void.

The action of the Oklahoma Tax Commission in disallowing the deductions involved herein, and the assessments of income tax based thereon, against the estate of J. R. (Jonah R.) Hughes, deceased, for the calendar years 1962, 1963, and 1964, were erroneous, and the order of the Oklahoma Tax Commission involved herein is reversed.

IRWIN, C. J., BERRY, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, JACKSON and McINERNEY, JJ., concur.