Louis D. Laubino, S.
This is an appeal by the executrix from a pro forma order fixing the tax on this estate. The Tax Commission disallowed a marital deduction in the sum of $77,744 which had been allowed by the Internal Bevenue Service on the Federal estate tax.
The decedent died on May 19, 1968 leaving a joint and mutual will executed by him and his wife on July 26, 1966. His wife survived him and is the petitioner herein. The will provided in part as follows: “ know all men that we, booco teioabico and mabia tbicabico, husband and wife, and each of us # * *
desirous of making our Last Will and Testament and of making an Agreement which shall be binding upon us and the survivor of us, do hereby make, publish and declare this as our joint last will and testament and the respective last will and testament of each of us, and as an agbeement binding upon us and the survivor of us in the manner following, that is to say:
“ second : Upon the death of one of us, leaving the other of us surviving, all property and estate of the one so dying first *1019 and all property of which she or he has power of disposal, is hereby given, devised and bequeathed to the survivor, upon the condition, however,, that whatever remains of the same after the death of the survivor is given, devised and bequeathed as hereinafter set forth in paragraph ‘ fifth ’ herein. * * *
1 ‘ fifth : Following the death of both of us, then all our property and estate then remaining and all property and estate of the survivor and all property of which we or either of us have power of disposition is hereby given, devised and bequeathed as follows ”.
The decedent’s estate consisted of both real and personal property. Some of his real property was in his sole name and some was owned by him as a tenant by the entirety. Similarly, some of his personal property was in his sole name and some was held in joint tenancy with others, among whom was his wife.
The property held by the entirety or as a joint tenant passed to the survivor by operation of law and not by virtue of his will. The Tax Commission contends that as to such jointly owned property the surviving wife is not entitled to a marital deduction because of the agreement contained in the will regarding its final disposition on her death.
The agreement contained in the will bound each of the parties to do two things. Paragraph second required the one first to die to leave to the survivor all property of which he had the power of disposal on condition that whatever remained on the-death of the survivor would be bequeathed in a certain manner. Paragraph fifth required the survivor to leave his own property in the same manner as property acquired under the will.
As to the property owned by the decedent in his sole name which passed to his wife by virtue of the will, there is no question that she did not receive a nonterminable interest and, therefore, that property does not qualify for the marital deduction and no one claims that it does. (Matter of Pipe v. Commissioner of Internal Revenue, 241 F. 2d 210.)
But paragraph fifth of the agreement also bound the survivor to leave her own property in the same manner. This did not divest the survivor of ownership of such property during her lifetime. Paragraph fifth of the will was broad enough to include property solely owned by the survivor prior to the death of the first to die and property acquired by the survivor at any time thereafter, whether at the death of the first to die or later. It did not depend on the method of acquisition and included property acquired by operation of law or by purchase, as well *1020 as property received by virtue of the will which was already covered by the condition set forth in paragraph second.
While petitioner has the right to consume all of her property during her lifetime, she does not have the right to dispose of it freely by will but is limited, by her contract, to the dispositions agreed upon in the joint will (Tutunjian v. Vetzigian, 299 N. Y. 315).
Except as to property which petitioner received by virtue of the will, the inhibition on her right to bequeath her estate as she chooses arises not from the source of her title, but solely because of her contract. The joint property acquired by right of survivorship was never a part of her .husband’s estate but, like property solely owned by petitioner prior to her husband’s death, it is likewise subject to the agreement.
The Tax Commission cites several Federal District Court decisions in support of its contention. (Wilcoxen v. United States, 310 F. Supp. 1006; Lindsey v. United States, 167 F. Supp. 136.) (See, however, Revenue Ruling 71-51, Int. Rev. Bull. 1971-5, 15.) These cases must give way to decisions of the United States Court of Appeals which hold that joint property, even if subject to a contract controlling its ultimate disposition, qualifies for the marital deduction. (United States v. Ford, 377 F. 2d 93; Matter of Awtry v. Commissioner of Internal Revenue, 221 F. 2d 749.)
In United States v. Ford (377 F. 2d 93, 97-98) the Court of Appeals, Eighth Circuit, per Blaokmun, J., said: “ We may assume, as we have indicated above, that the Fords’ will is mutual in the sense of being contractual. It does not follow, however, that its contractual aspects served, at the will’s execution, to change or transform the nature of the property interests Mr. and Mrs. Ford theretofore possessed. The home, held in joint tenancy, remained in joint tenancy. The bank account remained joint and the insurance remained payable in a lump sum to Mrs. Ford as beneficiary. What happened by the will-contract was that Mr. and Mrs. Ford obligated themselves to handle and devolve property, through and at their respective deaths, in accord with the plan of the will. Some rights of third parties may have come into being under the contract and, in the event of breach, relief to those third parties may have been available. Yet what passed to Mrs. Ford upon her husband’s death in the home, the bank account and the insurance, passed to her by the nature of the joint holdings and the insurance designation and not under the will or pursuant to any contractual provision in the will. She may have obligated *1021 herself in specified ways as survivor but this did not reduce or affect her own full survivorship rights in the insurance and jointly held property. The contractual aspects of the will did not reduce the joint tenancy holdings and the insurance designation into something less or something different. ’ ’
The case of Rubenstein v. Mueller (19 N Y 2d 228) cited by the Tax Commission is not in conflict. That case held that the survivor had bound himself to dispose of his property, whether received under his wife’s will or by operation of law as surviving joint tenant, in accordance with the agreement embodied in the joint will. But the court did not question the fact that the jointly held property passed to Mueller outside the will. The court said (p. 233): “ The bulk of the property involved did not come to Mueller under the joint will. His interest in the real property, for example, commenced as a tenant by the entirety, ripening into sole ownership through his surviving his first wife. Similarly, his formal title to most of the personalty, consisting of savings accounts, derived from his surviving Bertha, with whom he had these joint accounts.”
Conrad Mueller was nevertheless bound by his agreement as to its ultimate disposition. “ After Bertha’s death, then, the property received by Conrad was his but subject to an interest enforcible specifically as to so much of it as he did not consume during his lifetime.” (p. 234.)
The petitioner in the instant case is under a like obligation but as noted in Ford (supra, p. 97) “ this did not reduce or affect her own full survivorship rights in the insurance and jointly held property. The contractual aspects of the will did not reduce the joint tenancy holdings and the insurance designation into something less or something different.”
Parenthetically, the question of a marital deduction was not at issue in Rubenstein v. Mueller. The records of this court, where Bertha Mueller’s will was probated and her estate tax fixed, show that the marital deduction was allowed in her estate tax proceeding. (Matter of Mueller, Surrogate’s Ct., Queens County, File No. 1950/63.)
Finally, the Tax Commission cites the recent case of Matter of Opal v. Commissioner of Internal Revenue (450 F. 2d 1085). A careful reading of that decision reveals that it did not concern joint property but merely such property as passed by decedent’s will. As noted, supra, there is no question that such property does not qualify for the marital deduction.
A further argument in favor of the petitioner is that the marital deduction was allowed by the Internal Revenue Service *1022 on the Federal estate tax return. In Matter of Marx v. Bragalini (6 N Y 2d 322, 333) the Court of Appeals said: “It has long been the policy of our courts to adopt, whenever reasonable and practical, the Federal construction of substantially similar tax provisions. (See, e.g., Matter of Rogers, 296 N. Y. 676, affg. 269 App. Div. 551, 555 et seq.; Matter of Russell, 294 N. Y. 99, 103; Matter of Weiden, 263 N. Y. 107, 110; Matter of Bank of Richmondville v. Graves, 259 App. Div. 4, 10, affd. 284 N. Y. 671; People ex rel. Mosbacher v. Graves, 254 App. Div. 438, 439, affd. 279 N. Y. 793; People ex rel. Klauber v. Wendell, 196 App. Div. 827, 829-830, affd. 232 N. Y. 549.) The doctrine is in furtherance of the legislative policy of maintaining uniformity in the administration of the two tax laws. ’ ’
On April 1,1963, section 961 of the Tax Law became effective. It provides that a final Federal determination as to the allowance of any item claimed as a deduction from the Federal gross estate shall determine the same issue for purposes of the New York estate tax “unless such final federal determination is shown by a preponderance of the evidence to be erroneous.”
Thus, the judicially declared doctrine of conformity has now become statutorily mandated. (Matter of Behm, 19 A D 2d 234, 236, affd. 14 N Y 2d 826.)
The State Tax Commission has failed to show by a preponderance of the evidence that the Federal finding was erroneous. Petitioner’s application is granted and the tax order will be modified to allow the marital deduction for the jointly owned property.