ANNA M. CHAMBERS AND WILLIAM J. GEALY, TRUSTEES UNDER LAST WILL OF FRED N. CHAMBERS, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 71427.    Promulgated February 14, 1936.

*James H. Courtney, Esq.*, for the petitioners.
*C. R. Marshall, Esq.*, for the respondent.

1126

[black redaction block]

## OPINION.

ARNOLD: The question here before us is whether the capital gain of $9,913.85 from the sale of securities is taxable to the petitioners. This question is controlled by the will of Fred N. Chambers and the laws of Pennsylvania applicable thereto.

The petitioners considered that the entire net income of the estate—including the gain from the sale of corpus—was yearly distributable to the two beneficiaries in equal amounts and they made the return for the estate on that basis, using form 1041.

The respondent considered that the profits from the sale of the corpus of the estate were not part of the income of the estate which was distributable, and that such gains were taxable to the estate since they were accumulated to and became a part of the corpus of the estate.

These questions were raised and were considered by us in *Anna M. Chambers et al., Trustees*, 29 B. T. A. 971; affd., *Chambers* v. *Commissioner*, 77 Fed. (2d) 95, which involved the same will, and gain from the sale of capital assets by the same trust estate in 1927 and 1929. We there held that where, under the state law of Pennsylvania, capital gain from the sale of stock becomes a part of the corpus and is not distributable to the beneficiaries as income from the trust estate, and under the terms of the will corpus is distributable only at the discretion of the trustees, capital gain so realized and not distributed is taxable to the fiduciary. In our opinion in that case, after reviewing the law and some of the applicable decisions of the Supreme Court of Pennsylvania, we said:

Clearly, under the laws of Pennsylvania, capital gain from the sale of stock becomes a part of the corpus and is not distributable to the life tenant as income from the estate. Only where such gain is shown to represent income is it distributable to the life beneficiaries. Here there is no showing that any of the gain in question represents income. * * *

**1128**

Admitting that all income from the trust estate was distributable to the beneficiaries, and taxable to them whether distributed or not, the corpus, or any part of it, was distributable only at the discretion of the trustees. The capital gain which became a part of the corpus of the trust is not income distributable under the will to the beneficiaries, and is not taxable to them. Cf. *William H. Hotchkiss Estate*, 16 B. T. A. 1334; *Marion Shainwald Sevier*, 14 B. T. A. 709. The petitioners have failed to show that any part of the gain here in question was from income or that it was actually distributed.

There is no controversy concerning the ordinary net income of the trust, arising from rents, interest, dividends, etc., which were currently distributable to the beneficiaries.

The capital gain in question must be taxed to petitioners unless the statute authorizes its deduction in computing the taxable income of the trust estate. The applicable sections of the Revenue Act of 1928 are set out in the margin.[1] In *Anna M. Chambers et al., Trustees, supra*, we held that such capital gains are not deductible under section 162 (b). It remains to be determined whether they are deductible under section 162 (c).

We think the word "income" as used in section 162 (c) includes gain from the sale of corpus which is distributed as income but does not apply when under the laws of the state it is a part of the corpus of the estate and is not distributable as income. This construction is, we think, further justified when we examine the whole section, which must be considered in its relation to other sections of the act in arriving at the content of the word "income." It is provided in (c) that "the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary" but under sec-

---

[1] SEC. 161. IMPOSITION OF TAX.

(a) *Application of tax.*—The taxes imposed by this title upon individuals shall apply to the income of estates or of any kind of property held in trust, including—(1) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests, and income accumulated or held for future distribution under the terms of the will or trust; (2) Income which is to be distributed currently by the fiduciary to the beneficiaries, and income collected by a guardian of an infant which is to be held or distributed as the court may direct; (3) Income received by estates of deceased persons during the period of administration or settlement of the estate; and (4) Income which, in the discretion of the fiduciary, may be either distributed to the beneficiaries or accumulated.

(b) *Computation and payment.*—The tax shall be computed upon the net income of the estate or trust, and shall be paid by the fiduciary, except as provided in section 166 (relating to revocable trusts) and section 167 (relating to income for benefit of the grantor). For return made by beneficiary, see section 143.

SEC. 162. NET INCOME.
The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as

tion 22 (b) (3) of the Revenue Act of 1928 [2] a legatee, heir, or beneficiary is not taxable on the corpus of an estate which is distributed to him under the provisions of the will. Cf. *Burnet* v. *Whitehouse*, 283 U. S. 148. He is, however, taxable upon amounts paid to him as an ordinary beneficiary of income. Cf. *Irwin* v. *Gavit*, 268 U. S. 161; *Helvering* v. *Butterworth*, 290 U. S. 365. The fact that under the revenue laws capital net gain is taxable income does not prevent such gain from becoming a part of the corpus of the estate immediately upon its realization nor change its character to income when distributed by the trustees under a power given them by the will to distribute corpus. If, as here, such gain is in fact distributed by the trustees under their discretionary power to distribute corpus, it is a distribution of corpus to the heirs, legatees, or beneficiaries under the will, and is not deductible by the fiduciary, cf. *Helvering* v. *Pardee*, 290 U. S. 365.

In *Helvering* v. *Pardee*, *supra*, the Court held that payments of an annuity given to the testator's wife, payable at all events, and so not dependent upon the income of the trust estate, were not deductible from the income of the trust estate and were taxable to the fiduciary. In holding she took as an ordinary legatee the Court said, "Payments to her were not distribution of income but in discharge of a gift or legacy."

We think the capital gain here in question was distributed to the beneficiaries as legatees of the decedent. It was a distribution of corpus of the estate, and, following the reasoning of *Helvering* v. *Pardee*, *supra*, and *Burnet* v. *Whitehouse*, *supra*, is not deductible in determining the net income of the petitioners.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

STERNHAGEN and MURDOCK concur in the result.

---

the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year;

(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary.

[2] SEC. 22. GROSS INCOME.

(b) *Exclusions from gross income.*—The following items shall not be included in gross income and shall be exempt from taxation under this title:

(3) GIFTS, BEQUESTS, AND DEVICES.—The value of property acquired by gift, bequest, devise, or inheritance (but the income from such property shall be included in gross income).