ESTATE OF JOHN A. McCANDLESS, DECEASED, BISHOP TRUST COMPANY, LIMITED, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97943. Promulgated November 27, 1940.

*Urban E. Wild, Esq., Milton Cades, Esq.,* and *E. R. Cameron, C. P. A.,* for the petitioner.
*T. M. Mather, Esq.,* for the respondent.

OPINION.

SMITH: This is a proceeding for the redetermination of a deficiency of $15,408.33 in income tax of the estate of John A. McCandless, deceased, during the period of administration or settlement for the fiscal year ended January 31, 1936. Only a portion of the deficiency is in controversy.

The petitioner alleges that the respondent erred in disallowing the deduction from gross income of (1) $2,925 professional fees and $1,859.35 traveling expenses which were paid by the estate during the taxable year as ordinary and necessary expenses incurred in carrying on its business, and (2) $20,504.58 representing income received by the estate during the taxable year "that was properly paid during such year to Bishop Trust Company, Limited, Trustee and sole residuary legatee under the Will and of the Estate of John A. McCandless, deceased."

The petitioner, Bishop Trust Co., Ltd., of Honolulu, Territory of Hawaii, was during the taxable year 1936 the duly appointed and acting executor under the will and of the estate of John A. Mc-Candless, who died a resident of Honolulu on January 30, 1930.

The decedent left a large estate. He named the Bishop Trust Co., Ltd., an Hawaiian corporation, as his executor, and also as the testamentary trustee of his residuary estate, and it duly qualified as such. The decedent provided in his will that the executor should pay to his widow $1,000 per month for support and maintenance during the administration of his estate, the first of such payments to be made one month from the date of his death and succeeding payments in a like amount on the same day of each succeeding month until such time as his residuary estate should be turned over to the testamentary trustee. He also directed that the executor should pay to each of his four grandchildren for support, maintenance, and education during the administration of the estate $250 per month, the first payment to be made one month from the date of his death and succeeding payments on the same day of each succeeding month until such time as his residuary estate should be turned over to the testamentary trustee. His will further provided:

EIGHTH. I give, devise and bequeath all of the rest, residue and remainder of my estate, real, personal or mixed, wheresoever situated and of every kind or nature, and any property over which I shall possess any power of appointment, to BISHOP TRUST COMPANY, LIMITED, an Hawaiian corporation, in trust for the uses and purposes and with the powers as hereinafter stated, * * *

The trustee was directed to "pay and deliver from the accumulations and net income of my said trust estate" $1,000 per month to his widow, beginning one month from the date of the last monthly payment made to the widow by the executor and continuing until such time as his eldest grandchild should attain the age of 21 years, after which the widow was to receive one-tenth of the annual net income of the trust. The trustee was also directed to "pay and deliver from the accumulations and net income of my said trust estate" $250 per month to each grandchild. After a grandchild attained the age of 21 years he or she was to receive one-tenth of the annual net income of the trust estate. Surplus income of the trust estate was to be accumulated and invested. When the youngest grandchild attained the age of 30 years the trust was to determine and one-fifth of the trust estate was to be paid over to the widow, if living, and one-fifth to each grandchild *per stirpes*.

On January 12, 1936, the executor filed a petition in the Circuit Court of the First Judicial Circuit, Territory of Hawaii, sitting in probate, requesting an approval of its first and final account of the administration of the estate and that "an order be made to deliver over such property as remains to the persons thereto entitled, and

that petitioner be relieved from all further responsibilities as executor under the will and of the estate of John A. McCandless."

On January 21, 1936, the court, sitting in probate, entered an order reading in part as follows:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Bishop Trust Company, Limited, shall forthwith upon the signing of this Order, convey, transfer and deliver to Bishop Trust Company, Limited, as Trustee under the Will and of the Estate of JOHN A. MCCANDLESS, Deceased, the assets remaining in its hands as Executor aforesaid; and that upon the filing herein of due and proper vouchers showing the receipt by Bishop Trust Company, Limited, as Trustee under the Will and of the Estate of JOHN A. MCCANDLESS, Deceased, of the assets remaining in the hands of Bishop Trust Company, Limited, as such Executor, Bishop Trust Company, Limited, be discharged from its trust as Executor of the Will of JOHN A. MCCANDLESS, Deceased, in all particulars, except that Bishop Trust Company, Limited, shall remain as such Executor for such time as may be necessary to secure a substitution of itself, as Trustee as aforesaid, as Party-Petitioner in the two appeals before the United States Board of Tax Appeals against the Commissioner of Internal Revenue now pending, so that said appeals may be properly presented and settled; and when such substitution has been effectuated, then and upon the filing herein of a verified statement by such Executor showing the same, Bishop Trust Company, Limited shall be discharged as such Executor in such particulars without any further order being entered by the Court.

Pursuant to such order the petitioner as executor, on January 22, 1936, transferred and delivered to itself as trustee the residue of the decedent's estate and was discharged as executor of the estate, subject to the performance of specific acts, which have since been performed.

The petitioner kept its accounts and made its income tax returns, on both Form 1040 and 1041, on the cash receipts and disbursements basis and on the basis of a fiscal year beginning February 1 and ending January 31. The returns were filed with the collector at Honolulu.

The gross receipts of the estate for the taxable year ended January 31, 1936, consisted of $73,111.25 from the sales of shares of stock and $80,359.29 dividends received from domestic corporations. The respondent determined that the gross income of the estate for income tax purposes consisted solely of dividends from domestic corporations in the amount of $80,359.29, from which he permitted the deduction therefrom of a capital net loss of $2,000, sustained on the sales of shares of stock, and other items of expense aggregating $4,825.10, and arrived at a net income of $73,534.19.

Included in the residuary estate of the decedent which the petitioner as executor transferred to itself as trustee on January 22, 1936, pursuant to the order of the court made January 21, 1936, was $20,504.58 cash which had been received by the executor as income during the taxable year ended January 31, 1936. This amount was claimed as a deduction in the return which the petitioner, as exec-

utor, filed on behalf of the estate for the fiscal year ended January 31, 1936.

In the determination of the deficiency herein the respondent disallowed the deduction of the said amount of $20,504.58 on the ground that it did not constitute an allowable deduction under the provisions of section 162 (c) of the Revenue Act of 1934.

The Bishop Trust Co., Ltd., as testamentary trustee, in the return filed on behalf of the trust for the taxable year begun February 1, 1935, and ended January 31, 1936, included in the gross income of the trust estate $19,639.72 of the said amount of $20,504.58 and duly paid income tax thereon.

The petitioner paid to Cameron and Johnstone, certified public accountants, during the taxable year ended January 31, 1936, $2,925 professional fees and $1,859.35 traveling expenses. These payments covered the cost of a trip to California for the investigation for Federal income tax purposes of claims for additional income taxes made upon the petitioner for the fiscal years ended January 31, 1932, January 31, 1933, and January 31, 1934; for conferences in Washington with respect to claims for additional taxes; for filing protests and claims for refund; and for the preparation of the income tax return of the estate for the fiscal year ended January 31, 1935.

Our first question is whether the amount of $20,504.58 representing the accumulated income of the decedent's estate during the period of administration, which the executor in final settlement of the estate paid over to itself as residuary trustee, is deductible from the gross income of the estate.

Section 162 (c) of the Revenue Act of 1934 provides that:

(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary.

This issue is controlled by the Board's decision in *Estate of Ida A. White*, 41 B. T. A. 525, where we held on facts not distinguishable from those in the instant case that the income of an estate in process of administration which was paid over to the residuary trustees and reported as income by the trustees in their fiduciary return for that year was deductible by the estate as income paid to a "legatee" within the meaning of section 162 (c) above. In that case we distinguished *Weigel* v. *Commissioner* (C. C. A., 7th Cir.), 96 Fed. (2d) 387, on the ground that the income there in dispute was a gain from

the sale of corpus of the estate and not from income. In its opinion the Board said:

The respondent cites *Weigel* v. *Commissioner*, 96 Fed. (2d) 387, affirming 34 B. T. A. 237. The facts in that case are readily distinguishable from those in the case at bar. There the question involved was the gain realized from the sale of corpus. By the terms of the will all estate income became part of the corpus of the trust estate. That situation does not exist here. We find that the income in question preserved its identity from its receipt by the petitioners to its payment to the legatee. It was paid as income. * * *

Here, as in the *White* case, the amount in dispute was income of the estate, rather than an accretion to corpus, and it was paid over to the residuary trustee as income.

See also *Lynchburg Trust & Savings Bank* v. *Commissioner*, 68 Fed. (2d) 356; certiorari denied, 292 U. S. 640; *George G. Allen et al., Trustees*, 40 B. T. A. 351; and *Angier B. Duke*, 38 B. T. A. 1264.

We hold upon authority of the *Estate of Ida A. White, supra*, that the amount of $20,504.58 is deductible from the gross income of the estate.

The remaining issue is whether the amounts of $2,925 and $1,859.35, representing, respectively, accountant's fees and expenses paid by the executor in connection with the settlement of income tax claims of the Government against the estate for years prior to the taxable year before us are legal deductions from gross income.

Section 162 of the Revenue Acts of 1934 and 1936 provides that the income of an estate in process of administration or settlement shall be computed in the same manner as the income of an individual, with certain exceptions not material to the present issue. Section 23 of the same taxing acts provides for the deduction from the gross income of an individual of "All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." (Subdivision (a)).

The immediate question before us then is whether the petitioner was engaged "in carrying on any trade or business" within the meaning of the statute during the fiscal year ended January 31, 1936. It can not be doubted that in some cases an estate in process of administration or settlement is carrying on a trade or business within the meaning of the statute. See *Pyne* v. *United States*, 35 Fed. Supp. 81. In that case the court held that upon the evidence the estate was engaged in carrying on a trade or business within the meaning of the statute. The evidence showed that the executor was under the necessity of employing several persons to assist in the administration of the estate.

The record in this proceeding does not, in our opinion, show the carrying on of a trade or business by the petitioner during the tax-

able year. During such year it sold certain shares of stock belonging to the estate at a loss. Its gross income consisted entirely from the receipt of dividends upon shares of stock of domestic corporations. It paid a firm of accountants fees and traveling expenses in connection with the adjustment of the income taxes of the estate for prior years. If John A. McCandless had been living during the taxable year before us and had received the dividends upon his shares of stock, and made the payments here in question, we do not think it could be held that he was carrying on a trade or business within the meaning of the statute and he would not have been entitled to deduct such payments. See *Deputy* v. *duPont*, 308 U. S. 488.

The facts before us are substantially the same as those which obtained in *Estate of C. R. Hubbard*, 41 B. T. A. 628. In that case we held that the estate was not engaged in carrying on a trade or business within the meaning of the taxing statute. The action of the respondent in disallowing the deduction from the gross income of the payments here in question is approved.

*Decision will be entered under Rule 50.*