Eleanor Josephine Slaughter v. Commissioner. Mary S. Field v. Commissioner.
Slaughter v. Commissioner
Docket Nos. 111284, 111285.
United States Tax Court
1943 Tax Ct. Memo LEXIS 186; 2 T.C.M. (CCH) 500; T.C.M. (RIA) 43354; July 23, 1943
*186 The net income of an estate for the final year of administration, held not taxable to the residuary legatees under section 162(c) of the Internal Revenue Code where neither the will nor the local law directed or authorized the distribution of net income as such. Max Bloomstein, Jr., Esq., 11 S. LaSalle St., Chicago, Ill., for petitioners. C. J. Munz, Esq., for the respondent. ARUNDELL
Memorandum Opinion ARUNDELL, Judge: The Commissioner determined income tax deficiencies for the calendar year 1940 in the sum of $17,988.05 in Docket No. 111284 and of $4,530.04 in Docket No. 111285. Three contested adjustments have now been agreed to by the parties: A demolition loss was not sustained by petitioners during 1940; and petitioner in Docket No. 111284 is entitled to a nontrade or nonbusiness deduction of $900 and to three credits for defendants in the aggregate sum of $1,200. The sole remaining issue, which is common to both proceedings, is whether residuary legatees are taxable upon the net income of a decedent's estate for the final year of administration. The facts were stipulated. [The Facts] Petitioner in Docket No. 111284, Eleanor Josephine Slaughter, is the widow of *187 Rochester B. Slaughter, who died testate August 30, 1939, a resident of Florida. The widow's income tax return for the year 1940 was filed with the Collector at Jacksonville, Florida. Petitioner in Docket No. 111285, Mary S. Field, is the sister of decedent. Her return for 1940 was filed in the first district of Illinois. Decedent's will was admitted to probate on September 11, 1939, in the County Judge's Court in and for Sarasota County, Florida. His widow duly qualified as executrix. After certain specific devises of real estate, the will left all the rest, residue and remainder of decedent's estate to his wife and sister, petitioners herein, a 70 per cent interest to the former and a 30 per cent interest to the latter. The will contained no provision with respect to the disposition of income during the period of administration. The estate being ready for distribution in accordance with the will and the law of Florida, the County Judge's Court entered an order of distribution on September 2, 1940. The order specified the division to be made of certain securities as between each of the petitioners herein and decreed that all other securities and personal property then in the hands *188 of the executrix, including cash on hand or in the bank, "shall be distributed and divided seventy per cent (70%) thereof to,eleanor Josephine Slaughter and thirty per cent (30%) thereof to Mary S. Field." Thereafter attorneys' fees were fixed by the court and paid early in December 1940. The securities were distributed in accordance with the order of the court by December 17, 1940. Estate and inheritance tax returns were filed and taxes paid. The cash then remaining in the estate totaled $238,711.48. On December 17, 1940, the executrix distributed cash of $91,399.66 to herself and $37,311.82 to Mary S. Field, being in the proportion set forth in the will. This completed the entire distribution of the estate with the exception of a sum of $110,000 that was reserved by the executrix in cash as a fund for the payment of any additional estate or inheritance tax that might be assessed. This later sum, together with a refund of estate and inheritance taxes later received, was subsequently distributed to petitioners herein in the proportions set forth in the will, which distribution was completed in January 1942. The fiduciary income and defense tax return of decedent's estate for the *189 calendar year 1940 reported income from dividends and interest in the amount of $46,578.55, deductions of $2,462.16, and net income of $44,116.39 upon which an income and defense tax of $11,615.90 was paid by the estate. No deduction was claimed for any amount paid or credited during said year to any legatee or. heir. No distribution was made by the executrix to the petitioners herein except pursuant to the order of distribution dated September 2, 1940. The only cash distribution during 1940 to either of the petitioners herein was the cash distribution made on December 17, 1940. On December 27, 1940, the executrix filed her final account, and on the same day the account was approved by the County Judge's Court and letters of final discharge were issued to the executrix. The Commissioner determined that the net income of the widow and the sister for the taxable year 1940 should be increased in the respective amounts of $29,983.56 and $12,850.10, representing taxable net income of the estate for the year 1940 "which income was included in the distribution made to you [petitioners] on or before December 27, 1940, at which time the estate was closed." Internal Revenue Code, section *190 162 (c). [1]
[Opinion] The general rule is that income received by an estate during the period of administration shall be taxed to the estate. A deduction is allowed by section 162 (b) for income that is required to be distributed currently [2] and in that event the income is taxed to the person entitled to the distribution. Subsection (c) deals with income that may be distributed or accumulated, and allows a deduction to the estate of so much *191 as is "properly paid or credited" during the tax year. The settled construction of the phrase "properly paid or credited" is that it has reference to a payment or crediting of income as such and does not comprehend the distribution of accumulated income. Anderson's Estate v. Commissioner, 126 Fed. (2d) 46, certiorari denied 317 U.S. 653. And the fact that accumulated income distributed as part of the corpus was accumulated in the same taxable year in which the distribution later occurs is immaterial. Spreckels v. Commissioner, 101 Fed. (2d) 721. To ascertain whether income of an estate may be properly distributed "as income" to legatees, resort must be had to the terms of the will and the provisions of state *192 law. Ardenghi v. Helvering, 100 Fed. (2d) 406, certiorari denied 307 U.S. 622; Estate of Henry H. Rogers, 1 T.C. 629, 637. On this point respondent is met by the fact that the will under consideration contained no provision for the distribution of income during the period of administration; and his brief makes no reference to the law of Florida or to any requirement or authorization of the laws of that state pertaining to the distribution of income to residuary legatees during the course of settlement of the estate. Our research discloses that specific legatees and devisees are granted the net income or increase in property left to them by will and that general legacies bear interest from the time fixed by court order for distribution until payment is made. Compiled General Laws of Florida, 1934 Cumulative Supplement, section 5477 (19). We find no provision, however, directing or permitting the payment of income or interest to residuary legatees. The settled doctrine in these circumstances is that what the residuary legatees receive on final settlement of the estate are their legacies, exempt *193 from tax under section 22 (b) (3) of the Internal Revenue Code. Anderson's Estate v. Commissioner, supra;Roebling v. Commissioner, 78 Fed. (2d) 444; Weigel v. Commissioner, 96 Fed. (2d) 387; Spreckels v. Commissioner, supra;Estate of Henry H. Rogers, supra;S. F. Durkheimer, 41 B.T.A. 585; Mabel I. Wilcox, 43 B.T.A. 931. Respondent's chief reliance, Estate of John A. McCandless, 42 B.T.A. 1309, affd. sub nom. Commissioner v. Bishop Trust Co., Ltd., et al., 136 Fed. (2d) 390, is not out of line with the general rule prescribed by the above authorities when regard is had of the local law that governed there. As the Circuit Court of Appeals for the Ninth Circuit stated, whether the amount was received as income or corpus depended upon "the effect of the language of the will under the law of the jurisdiction in which the estate is administered." The court adopted the general rule laid down in two Hawaiian cases, *194 which was the controlling local law, to the effect that the beneficiaries of a testamentary trust "are entitled to income from the date of the testator's death, upon residue as subsequently determined, unless the will provides otherwise." Construed in this light the case from which respondent draws his chief support is not at odds with the views here expressed. Respondent's determination is accordingly reversed. Decisions will be entered under Rule 50. Footnotes
1. Sec. 162 Net Income [As amended by § 11, 161, 1942 Act]. The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that - * * * * *
(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary * * *.↩
2. For later taxable years the phrase "income which is to be distributed currently" is made to include income distributed along with and as a part of corpus. Revenue Act of 1942, section 111 (b), Senate Report 1631, 77th Cong., 2nd Sess., p. 71. But that amendment is not made retroactive to cover the tax year 1940, see section 111 (e), and, consequently, is not applicable here.↩