Estate of James Francis McCandless, Deceased, by Charles W. McCandless and Peoples-Pittsburgh Trust Company, Executors v. Commissioner.
Estate of McCandless v. Commissioner
Docket No. 314.
United States Tax Court
1944 Tax Ct. Memo LEXIS 290; 3 T.C.M. (CCH) 338; T.C.M. (RIA) 44119; April 11, 1944
*290 Alex. A. Garroway, Esq., 1100 Peoples Bank Bldg., Pittsburgh, Pa., for the petitioners. Orris Bennett, Esq., for the respondent. SMITH Memorandum Opinion SMITH, Judge: This proceeding is for the redetermination of a deficiency in income tax for 1940 of $19,476.52 of an estate in process of administration. The only question in issue is the deductibility of a portion of the income of the estate which during the taxable year was paid to and received by the beneficiaries of certain testamentary trusts. The facts are stipulated. [The Facts] The decedent, James Francis McCandless, died testate a resident of Pittsburgh, Pa., on December 10, 1939. The Peoples-Pittsburgh Trust Co., and decedent's brother, Charles W. McCandless, qualified as executors. As such they filed an income tax return for the estate for 1940 with the collector at Pittsburgh. By paragraph Sixth of his will the decedent gave $50,000 to the Peoples-Pittsburgh Trust Co., in trust, which was to pay the net income therefrom quarter-annually in equal shares to three children of a cousin of decedent. By paragraph Seventh the decedent gave $200,000 to the same Trust Company, in trust, with the provision that it should *291 pay the income therefrom quarter-annually to three individuals, relatives by blood or marriage of the decedent. By paragraph Fifteenth the residue of the estate was given to the same Trust Company, in trust, which was to pay the net income quarter-annually to decedent's brother, Charles W. McCandless, and his wife, and the survivor for life with remainders over. On October 31, 1940, the executors filed a first and final account dated October 23, 1940, in the Orphans' Court of Allegheny County, Pa. A supplement to such first and final account dated December 10, 1940, was filed showing receipts and disbursements from the first and final account to December 10, 1940. An audit of the accounts was held before the Orphans' Court on December 18, 1940. On February 11, 1941, the Orphans' Court entered a decree directing the distribution of the estate as shown by the accounts above referred to. Prior to such order and on December 26, 1940, the executors transferred from their ledger account as executors of the estate the amounts of $2,100, $8,800, and $28,000, which represented portions of the income of the estate received during the calendar year 1940, to the ledger account of Peoples-Pittsburgh *292 Trust Co., testamentary trustee of the three trusts referred to above. On the same date Peoples-Pittsburgh Trust Co., trustee as aforesaid, paid the $2,100 and the $8,800 to the beneficiaries entitled thereto and on December 30, 1940, paid the $28,000 to the beneficiaries of the third testamentary trust entitled thereto. In the income tax return filed for the estate for the calendar year 1940 there was deducted from gross income the amount of $38,900 representing the portion of the income of the estate for the year which was paid over to the Peoples-Pittsburgh Trust Co., as trustee of the three testamentary trusts referred to above, and by it distributed to the beneficiaries of those trusts during the calendar year 1940. The respondent has disallowed the deduction of this $38,900 from the gross income of the estate for 1940 upon the ground that it "was not a proper deduction under the provisions of Section 162 of the Internal Revenue Code." That section, so far as material, provides: "The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that - "(c) In the case of income received by estates of deceased *293 persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary." The question presented is whether the $38,900 income of the estate for 1940 was "properly paid or credited during such year to any legatee, heir, or beneficiary." The respondent contends that it was not and cites in support his contention Anderson's Estate v. Commissioner ( C.C.A., 9th Cir.) 126 Fed. (2d) 46; Frazer v. Driscoll ( D.C., W.D. Pa.), 46 Fed. Supp. 838; S. F. Durkheimer, 41 B.T.A. 585. The above cases stand for the proposition that the income of an estate in process of administration or settlement *294 is taxable to the estate and that an heir or legatee who receives the assets of the estate upon settlement is not liable to income tax in respect of any part of the proceeds so received as a legacy or inheritance. This is because legacies and inheritances are exempt from income tax. The situation here is quite different. The beneficiaries of the testamentary trusts did not receive the distributions as heirs or legatees under the will of the decedent. They were entitled to receive only the income from the testamentary trusts. The income which they received was taxable income. Under the order of distribution of the Orphans' Court dated February 11, 1941, the principal of the three testamentary trusts is shown as composed of $50,000 plus income of $2,204.30 under paragraph Sixth of the will, principal $200,000, and income of $8,817.20 under paragraph Seventh, and principal of $737,642.54 and income of $28,393.13 under paragraph Fifteenth. The distributions made by the Peoples-Pittsburgh Trust Co., testamentary trustee, in 1940 were out of income of the estate for 1940 transferred to the testamentary trustee as income. The question is whether the transfers made to the testamentary trustee *295 in 1940 in the aggregate amount of $38,900 of income was "properly paid" within the meaning of section 162. The Orphans' Court which had jurisdiction in the premises approved the accounting. Its determination is controlling. That an estate in process of administration is entitled to deduct from gross income amounts of income distributed to legatees who were taxable upon the distributions admits of no doubt. See Commissioner v. Bishop Trust Co., Ltd. (Estate of John A. McCandless), 136 Fed. (2d) 390, affirming 42 B.T.A. 1309. It seems plain that the purpose of section 162 (c) was to tax income of an estate in process of administration and settlement to someone. The estate is not taxable upon the income which is distributed during the year to a person who is taxable upon such income. Decision will be entered under Rule 50.