Estate of Leota G. Burchenal, Deceased, Charles H. Burchenal, Executor v. Commissioner.
Estate of Burchenal v. Commissioner
Docket No. 70.
United States Tax Court
1944 Tax Ct. Memo LEXIS 212; 3 T.C.M. (CCH) 536; T.C.M. (RIA) 44195; June 7, 1944
*212 Morss Lippincott, Esq., and Francis T. Bartlett, Esq., for the petitioner. Cecil H. Haas, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: Respondent determined income tax deficiencies for the calendar years 1939 and 1940 in the amounts of $13,819.25 and $4,531.13, respectively. Some of the adjustments are not in controversy here. The sole question is whether certain distributions made during the taxable years by the executor Burchenal, to himself as testamentary trustee, are deductible by the estate under section 162 (c) of the Internal Revenue Code. The returns for the taxable years were filed with the collector for the first district of Ohio. Most of the facts have been stipulated. Those facts which are not considered to be material are not set forth herein, but are incorporated by reference. Findings of Fact The decedent, Leota G. Burchenal, died testate on June 10, 1938, a resident of Cincinnati, Hamilton County, Ohio. Her estate consisted of approximately $10,000 in cash and $900,000 in securities. Most of the securities were Procter and Gamble common stock. Her will was admitted to probate in the Probate Court of Hamilton County, Ohio, *213 on June 15, 1938. Throughout the taxable years, the estate was in process of administration. Decedent's will, after providing for the payment of debts and for specific bequests, and a trust for former employees, all of which are not material here, left the residue of the estate in trust for her five adult children. Petitioner, Charles H. Burchenal, one of the adult children, was named executor in the will. He was duly appointed executor in June 1938, and acted as such from that time throughout the taxable years. The will made no provision for the distribution of income during the period of the administration of the estate. On or about January 13, 1939, Burchenal, as executor, acting under the authority granted in decedent's will, designated himself as trustee of the residuary trust for the benefit of the five adult children. His designation of himself as trustee was confirmed by the Probate Court of Hamilton County. Throughout the taxable years, Burchenal served as both executor and trustee. Under the residuary trust set up by the will, certain individuals were to have absolute and unqualified discretion with respect to determining whether payments of a one-fifth part of the income *214 or principal of the trust should be made to the respective beneficiaries. Upon the failure of these individuals to serve, the trustee was to have the absolute and unqualified discretion as to these payments. It was further provided that should the trustee succeed "to the exercise of the absolute and unqualified discretion regarding the distribution of principal and income * * *, then and in that event any one or more of said beneficiaries of said trust shall have the right at that or any later time, to terminate the trust in respect to his or her share, and in such case the trustee shall pay over and deliver * * * his or her share * * * of the principal and accumulated income, free and clear of said trust." In January 1939, Burchenal, as trustee of the residuary trust, succeeded to the uncontrolled discretion with respect to the distribution of principal and income, inasmuch as each of the individuals named in the will either had died or had declined to serve. The debts of decedent did not exceed $10,000; the specific legacies in the will amounted to $18,000; and the trust created for former employers required securities valued at approximately $50,000. Federal estate and Ohio inheritance *215 taxes were estimated not to exceed another $160,000. After allowing for the payment of these obligations, the executor calculated that he would have about $675,000 to distribute to himself as trustee of the residuary trust. Early in the year 1939, the beneficiaries of the residuary trust and Burchenal, as executor and trustee, agreed and planned to begin an orderly distribution of the estate assets to the trustee of the residuary trust. It was decided, upon the advice of investment counsel, to sell a substantial portion of the Proctor and Gamble stock and to reinvest the proceeds in various other securities. In January 1939, Buchenal, as executor, proceeded to make distributions to himself as trustee of the residuary trust. It occurred to him that if he transferred the stock certificates to himself as trustee, and then transferred the stocks to purchasers, successive stock transfer taxes would have to be paid. In order to avoid the payment of these successive stock transfer taxes, Burchenal, as executor, decided to sell the stocks and distribute the proceeds of the sale to himself as residuary trustee. Pursuant to this plan, Burchenal, as executor, made cash distributions to himself *216 as residuary trustee. Each distribution was authorized by an order of the Probate Court of Hamilton County and each order of the Probate Court merely stated that the executor was authorized to distribute a stated sum to the trustee. The executor sold various stocks prior to distribution and capital gains were realized upon the sales. After receiving the proceeds of the sales, the executor made distributions. The following schedule shows the proceeds received from security sales in the taxable years, the amount of taxable capital gains realized, and distributions made to the trustee: 1939
Sales of
Taxable
Amounts
Date of
Securities -
Capital
Distributed
Distribution
Receipts by
Gains
to
to
Date
Executor
Realized
Trustee
Trustee
Jan. 16
$ 75,647.46
$ 9,182.35
$ 66,000.00
Jan. 16
6,500.00
Jan. 17
3,200.00
June 10
July 11
58,572.59
11,166.79
58,572.59
July 11
Sept. 22
21,868.87
2,898.94
21,868.87
Sept. 21
4,003.50
Nov. 15
Dec. 20
19,115.40
3,261.86
19,115.40
Dec. 22
Totals
$175,204.32
$26,509.94
$179,260.36
1940
Jan. 19
Jan. 31
$ 34,163.09
$ 6,969.86
$ 47,600.28
Feb. 21
Feb. 19]
Apr. 12
23,738.59
4,869.14
23,739.60
May 31
Jan. 29
1.01
.06
Totals
$ 57,902.69
$11,839.06
$ 71,339.88
*217 The amount of $47,600.28 distributed to the trustee on February 21, 1940, consisted of the proceeds of $34,163.09 from the sales of stock; dividends of $6,217.15 received by the executor during the period from January 1, 1940, to February 21, 1940; dividends of $3,437.19 received in the year 1939; and an additional amount of $3,782.85. The additional amount of $3,782.85 was in the nature of anticipatory dividends for the year 1940 subsequent to February 21, 1940, and was actually received by the trustee as dividends in the year 1940, subsequent to February 21, 1940. Burchenal, as executor, filed fiduciary income tax returns for the calendar years 1939 and 1940. The return for 1939 deducted an amount of $41,001.98 as the "amount distributable to beneficiaries." It is stipulated that the deduction of this amount was incorrect and that the correct total amount of distributions made by the executor to the trust for which deduction is claimed was $33,950.63, of which $26,509.94 consisted of taxable capital gains derived from sales of securities. The return for the calendar year 1940 reported a deduction for "amount distributable to beneficiaries" of $21,839.06, of which $11,839.06 consisted *218 of taxable capital gains derived from sales of securities. Burchenal, as trustee under the will of decedent, filed fiduciary returns for the calendar years 1939 and 1940. The return for 1939 reported $41,001.98 as income distributable from the executor and reported amounts of $9,459.30 as distributable to each of four of the beneficiaries of the residuary trust and $9,459.31 as the amount distributable to the fifth beneficiary. The return for 1940 reported $21,839.06 as income distributable from the executor, and reported amounts of $6,601.64 as distributable to two of the five beneficiaries of the residuary trust, and amounts of $6,601.65 as distributable to the remaining three beneficiaries. The five beneficiaries of the residuary trust each filed individual income tax returns for the taxable years reporting these respective amounts as income from the trust. Opinion The only question for determination in this proceeding is whether the estate is entitled to a deduction under section 162 (c) of the Internal Revenue Code[1] for certain amounts distributed during the taxable years by the executor to himself as testamentary trustee. In the estate return for the year 1939, the executor *219 claimed a deduction of $41,001.98. However, as a result of the evidence adduced at the trial, he has abandoned his claim with respect to any amounts distributed in excess of the taxable capital gains of $26,509.94 realized from the sale of securities. For the year 1940, the executor contends that the estate is entitled to a deduction of $21,839.06. The claimed deduction for 1940 consists of realized taxable capital gains of $11,839.06 and dividend income to the estate of $10,000, which amounts were distributed to the residuary trustee in the taxable year. The $10,000 dividend income was distributed to the residuary trustee on February 21, 1940, and consisted of dividends of $6,217.15 received by the estate from January 1, 1940, to February 21, 1940, and anticipatory dividends of $3,782.85 which were received by the estate subsequent to February 21, 1940. *220 Petitioner argues that the respective amounts of $26,509.94 and $21,839.06 distributed in the taxable years to the trustee were income to the estate and as such were "properly paid" to the trustee. He contends that since the capital gains were taxable to the executor they are deductible when distributed to the trustee as a legatee. He further argues that since the residuary trust was revocable by the beneficiaries, any income paid by the executor to the trustee is taxable to such beneficiaries, citing Ella E. Russell, 45 B.T.A. 397; and H. S. Richardson, 42 B.T.A. 830; affd., 121 Fed. (2d) 1. Respondent contends that the distributions consisted of corpus rather than income and as such were not deductible. He argues that the dividends and the realized capital gains of the estate were co-mingled with corpus and that a distribution by the executor to the trustee was a distribution of part of the residue of the estate. In the alternative, he argues that the realized capital gains for the taxable years constituted corpus rather than income when distributed to the trustee and that the anticipatory *221 dividends of $3,782.85 distributed on February 21, 1940, must have come from corpus since the estate had not received dividends during that year in that amount. We think that respondent's alternative contention with respect to the capital gains received by the estate and the anticipatory dividends of $3,782.85 distributed on February 21, 1940, must be sustained. For the purpose of imposing income taxes on estates in the course of administration, the Internal Revenue Code treats estate income as entirely separate from the corpus of the estate. All such income is taxable to the estate to the same extent as taxes which are imposed upon individuals, except that under section 162 (c) the estate is entitled to a deduction from its taxable income in an amount equal to the amount of such income "which is properly paid or credited during such year" to any legatee or heir. We have held that a trust and its controlling trustee can be a legatee within the contemplation of the statute. Estate of Ida A. White, 41 B.T.A. 525; Estate of John A. McCandless, 42 B.T.A. 1309; affd., 136 Fed. (2d) 390. However, *222 as pointed out in Weigel v. Commissioner, 96 Fed. (2d) 387, the phrase "properly paid or credited" must be construed to mean properly paid or credited as income. If the realized capital gains were accretions to the corpus, it is apparent that they were not paid or credited as income. In determining whether realized capital gains are part of corpus or income, we must be guided by reference to the state law and the terms of the will. Estate of Henry H. Rogers, 1 T.C. 629; Anna M. Chambers, et al., Trustees, 33 B.T.A. 1125. In this proceeding there is no provision in the will as to whether such capital gains should be considered as either corpus or income. The law of the State of Ohio is also silent on the same question. Petitioner has not been able to cite any decision of an Ohio court holding such realized capital gains to be income, and an independent search has also failed to produce any local authority in support of his contention. In most jurisdictions, the law is well settled that a gain realized upon the sale of capital assets is an accretion of the capital fund and becomes part of *223 the corpus. In such case it is not currently distributable income. In Re Lewis' Will, 18 N. Y. S. 2nd 133; 259 App. Div. 4; affirmed per curiam by the Court of Appeals, 284 N. Y. 671; 30 N.E. 2nd 720; Chambers v. Commissioner, 77 Fed. (2d) 95. We think the same result would be reached in Ohio. Cf. Devenney v. Devenney, 74 Oh. St. 96, 77 N.E. 688. The mere fact that under the revenue laws capital net gain is taxable income, does not prevent such gain from becoming part of the corpus of the estate immediately upon its realization. Helvering v. Pardee, 290 U.S. 365; Burnet v. Whitehouse, 283 U.S. 148. Under the circumstances, it is held that the capital gains realized by the estate in the taxable years and distributed to the trustee were corpus in the hands of the trustee and as such the estate was not entitled to a deduction for such distributions. With respect to the distribution of $3,782.85 on February 21, 1940, in anticipation *224 of dividends subsequently received in 1940, we are also of the opinion that the deduction should be disallowed the estate. Although the executor could make distributions out of corpus to himself as residuary trustee, he had no power under the will to anticipate the income in any particular year by distributing estate income which he calculated he would receive in the future. As the executor had not received this income at the time he made the distribution, it follows that the amount of $3,782.85 distributed must have actually been paid out of accumulated income of prior years or out of corpus. Section 162 (c) limits the deduction to income received by the estate and properly paid or credited as income in the same taxable year. Thus, whether derived from accumulated income of a prior year or corpus, the deduction is not allowable under the statute. Elizabeth Earhart Kennedy, 38 B.T.A. 1307. However, a different result must be reached with respect to the dividend income of $6,217.15 received by the estate during the period of January 1, 1940, to February 21, 1940, which was distributed to the residuary trustee on February 21, 1940. As heretofore pointed *225 out, a trustee may be a legatee within the meaning of section 162 (c) of the Code. The sum of $6,217.15 was received by the estate and distributed to the trustee as income in the taxable year 1940. Under Ohio law, in the case of an estate in process of administration, the beneficiary is entitled to the estate income from the date of the death of the testator in the absence of anything in the will to the contrary. Davidson v. The Miners and Mechanics Savings & Trust Co., Executor, 129 Oh. St. 418; 195 N.E. 845. The dividend income in this amount was properly paid by the executor to the trustee as income and was reported in the return of the trustee as income received from the estate. We think its character and identity as income was maintained by the executor. Accordingly, it is held that the amount of $6,217.15 is deductible by the estate under section 162 (c) of the Code. Decision will be entered under Rule 50. Footnotes
1. SEC. 162. NET INCOME. The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that - * * * * *
(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary.↩