In the Matter of the Application of JOSEPHINE B. WHITE for a Certiorari Order against JOHN F. GILCHRIST and Others, Commissioners, Constituting the State Tax Commission.

Third Department, September 25, 1925.

Taxation — income tax — income received from trust established by will is taxable against beneficiary — said income is not legacy within meaning of Tax Law, § 359, subd. 2, ¶ c — description of income as " annuity " for inheritance tax purposes does not make it exempt.

Income received by a beneficiary from a trust established by a will is taxable as income of the beneficiary notwithstanding the fact that the trustees have not carried out the directions of the will to set up the principal of the trust, and the beneficiary cannot claim that the income constitutes a legacy within the meaning of paragraph c of subdivision 2 of section 359 of the Tax Law, and that it is exempt from taxation thereunder.

Moreover, the mere fact that the intangible interest of the beneficiary was described as an " annuity " and its capitalized value was fixed for inheritance tax purposes, the tax upon which was paid by the beneficiary, does not make the payments of income exempt from the income tax.

CERTIORARI ORDER granted out of the Supreme Court at the Albany Special Term on the 10th day of January, 1925, directed to John F. Gilchrist and others, commissioners, constituting the State Tax Commission, directing them to certify and return to the office

of the clerk of the county of Albany all and singular their proceedings had in fixing the income tax of petitioner for the years 1919, 1920 and 1921.

*Leigh K. Lydecker,* for the petitioner.

*Albert Ottinger,* Attorney-General [*Henry S. Manley,* Deputy Attorney-General, of counsel], for the State Tax Commission.

HINMAN, J.:

The petitioner is the beneficiary under the following provision of a will:

" III. I direct my trustees, hereinafter named, to set apart from my estate such funds or securities as in their judgment shall be sufficient to earn and produce an annual income of ten thousand dollars ($10,000) which said amount my trustees are directed to annually pay to Mrs. Ida Josephine B. White, in equal quarterly payments. Upon her death or remarriage this trust is to terminate and the funds so directed by this paragraph to be set apart are to fall into and become part of my residuary estate."

In the case of *Irwin* v. *Gavit* (268 U. S. 161), decided April 27, 1925, the United States Supreme Court construed similar provisions of the Federal Income Tax Act of 1913 (38 U. S. Stat. at Large, 114, chap. 16; Id. 166, § 2, sub-§ A, subds. 1, 2; Id. 167, § 2, sub-§ B; Id. 168, § 2, sub-§ D; Id. 169, § 2, sub-§ E). The question was whether certain sums received by Gavit under the will of Anthony N. Brady were income and taxable as such. The will left the residue of the estate in trust and a portion of the income therefrom was directed to be paid to Gavit during his life, subject to being cut off by certain prescribed conditions. The courts below had held that the gift to Gavit was a bequest and not taxable under that provision of subsection B of section 2 of the act which prescribes that " the value of property acquired by gift, bequest, devise, or descent " is not to be included in net income but only the income derived from such property is subject to the tax. The United States Supreme Court held otherwise, saying: " But we think that the provision of the act that exempts bequests assumes the gift of a corpus and contrasts it with the income arising from it, but was not intended to exempt income properly so-called simply because of a severance between it and the principal fund. No such conclusion can be drawn from *Eisner* v. *Macomber* (252 U. S. 189, 206, 207). The money was income in the hands of the trustees and we know of nothing in the law that prevented its being paid and received as income by the donee." And further, the court said: " But the distinction between the cases put of a gift from the corpus of the estate payable in instalments and the present seems to us not hard

to draw, assuming that the gift supposed would not be income. This is a gift from the income of a very large fund, as income.  It seems to us immaterial that the same amounts might receive a different color from their source. We are of opinion that quarterly payments, which it was hoped would last for fifteen years, from the income of an estate intended for the plaintiff's child, must be regarded as income within the meaning of the Constitution and the law."

We think that, under the holding of the United States Supreme Court, the claim of the petitioner herein cannot be sustained, namely, that as to her the annual payments constituted a " legacy " not subject to income tax under that provision of the law (Tax Law, § 359, subd. 2, ¶ c, as added by Laws of 1919, chap. 627) which excludes from gross income " the value of property acquired by  *  *  *  bequest." The executors were appointed trustees by the will and they were likewise made the residuary legatees and devisees. The executors have never accounted although ordered to do so in 1916 and it appears that the direction of the will that a fund should be set apart sufficient to produce an annual income of $10,000 has never been carried out. The record shows, however, that for the three tax years involved here the income of the estate in their hands has been more than adequate to pay the $10,000 annually. The sum involved is thus income to the estate and the executors have each year made a fiduciary return to the Tax Commission to the effect that the payment to the petitioner has been made out of income of the estate. The mere fact that the executors and trustees have not obeyed the will of the testator by setting apart the trust fund directed by the will does not change the character of the thing received by the petitioner. The executors concededly have not trenched upon the corpus but have turned over nothing but income of the estate. Potentially the whole estate not otherwise specifically disposed of by the will was chargeable with this trust until the trust fund was set apart as required by the will. The testator did not provide for a large legacy payable in fractions out of the corpus of the estate but he treated it as income and separately disposed of the corpus of the fund out of which it was to be paid, to take effect at the death or remarriage of petitioner. It is unnecessary for us to decide whether the petitioner will ever get anything from this estate or trust which is not income to the estate or trust. It affirmatively appears that the payments now in question were income of the estate or trust. These payments not being within the " legacy " exemption of the Income Tax Law but income, according to common understanding and judicial definition, are taxable under the act. Moreover, the mere fact that the intangible

interest of petitioner was described as an " annuity " and its capitalized value was fixed for inheritance tax purposes in 1911, the tax upon which was paid by the petitioner, does not make these annual payments exempt from income tax.    This worked no change in the real character of the payments and the State is not estopped.

The determination should be confirmed, with fifty dollars costs and disbursements.

Determination unanimously confirmed, with fifty dollars costs and disbursements.