In the Matter of Doris B. Harte, Petitioner, against Alger B. Chapman et al., Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, March 31, 1954.

*George Natanson* for petitioner.

*Nathaniel L. Goldstein, Attorney-General* (*John C. Crary, Jr.,* and *Wendell P. Brown* of counsel), for respondents.

IMRIE, J. Samuel M. Braunstein, a resident of New Jersey, died November 14, 1928, possessed of a large estate. Had he died intestate, his widow and this petitioner, the daughter of a deceased son, would have been his sole heirs. Instead, he left a will making very minor provision for petitioner. The latter, by her mother as guardian, thereupon instituted a contest of the will in an Orphan's Court in New Jersey. After preliminary hearings the Judge of that court determined that she had a reasonable cause for contest, which determination was confirmed in 1934 by the Court of Errors and Appeals of New Jersey.

The Seventh clause of the will bequeathed testator's stock in the Boardwalk Realty Company of Atlantic City, or the proceeds thereof if sold prior to his death, in trust, the income therefrom to be paid to his brother and sister during their respective lives or, in case of the death of either, to the survivor for life, and at the latter's death the stock or the proceeds of a prior sale to be divided among their children in equal shares per stirpes.

Following the determination by the Court of Errors and Appeals, and on November 26, 1934, petitioner's guardian and the parties in interest under clause Seventh of the will entered into an agreement for monthly payments for and to petitioner during her life in the amount of $208.33, in consideration of which she, through her guardian, agreed to withdraw the contest.

Respondents, constituting the State Tax Commission, found that the agreement provides for payments of income only, with no provision for the invasion of corpus, and determined that such payments are includible as a part of gross income under article 16 of the Tax Law. This proceeding is brought to review that determination and comes here in the first instance by virtue of an order of transfer from the Albany County Special Term of the Supreme Court.

The issue was and is whether payments to which petitioner is entitled by reason of the agreement constitute a technical annuity, to be paid in any event, regardless of the sufficiency of income of the corpus, or are deemed to be from income only. Concededly, if of the former category and if the corpus may be invaded, the amounts received and receivable by petitioner are not taxable to her under the rule in *Helvering* v. *Butterworth* (290 U. S. 365); *Burnet* v. *Whitehouse* (283 U. S. 148), and *People ex rel. Duncan* v. *Graves* (257 App. Div. 552, affd. 282 N. Y. 746).

There is, of course, no ready-made formula applicable in the determination of such an issue. Each case requires consideration of the individual instrument and, when appropriate, extrinsic circumstances. It becomes necessary, then, to look to the terms of the settlement agreement.

The preamble of the agreement quoted in full clause Seventh of decedent's will. It also recited the payment since his death of the sum of $92,690 in dividends on the stock therein bequeathed, the commingling of such dividends with miscellaneous receipts, the use thereof from time to time by the admin-

istrators in paying the obligations of the estate, and the understanding that it was to be repaid to the trust fund when available from the general assets of the estate. The several agreements of the parties were then separately stated. The *cestuis que trustent* and the remaindermen then in being interested in clause Seventh of the will, designated in such agreement as '' Beneficiaries '', agreed to transfer and set over all their right, title and interest in and to the 390 shares of Boardwalk Realty Company stock and the dividends received thereon to October 1, 1934, to the executors and/or trustee, authorizing and directing them to hold said stock and accumulated dividends and '' to use the dividends received after October 1, 1934, in so far as may be necessary, for the following purposes and in the order as follows: (a) To pay to Rose Richman, guardian and next friend of Doris Adele Braunstein, the sum of Two HUNDRED EIGHT DOLLARS AND THIRTY-THREE CENTS ($208.33) on the first day of each and every month, commencing with June 1, 1934, up to March 14, 1936 when the said Doris Adele Braunstein becomes of age, and from and after that date, and for and during the natural life of the said Doris Adele Braunstein, to pay to her said sum of Two HUNDRED EIGHT DOLLARS AND THIRTY-THREE CENTS ($208.33), monthly as aforesaid; provided, however, that after the payment of all the arrearages and accumulations, as well as the then current monthly payments, that may be due to the Contestant as above stipulated, the Trustee shall pay to the Beneficiaries the balance of the dividends received by it, as they may be entitled to under Section Seven of the said will.''

In the succeeding paragraph it was said that the transfer of the stock and accrued dividends was to secure to petitioner the payments above provided and the executors and/or trustee were again authorized to set aside so much of the dividends received after October 1, 1934, as might be necessary to pay said sums to and for contestant, '' with the same force and effect as if the said Contestant were, to the extent of such payments, a legatee under Clause Seventh of the said will ''. Two provisos were there appended. The first was that the beneficiaries and the executors and/or trustee could sell the stock '' as in said will authorized, provided that the Executors and/or Trustee shall retain in their or its possession a sum in cash which, if invested in United States Government securities, will produce an income after Trustee's fees and expenses have been paid, of Two THOUSAND FIVE HUNDRED DOLLARS ($2,500.00) per annum, sufficient to pay the annuity payable monthly as hereinabove stipu-

lated, and have the right to invest said sum in bonds of the United States Government.'' The second was that, if at any time after the payment of the monthly installments to contestant, the trustee had funds sufficient, if invested in such securities, to yield a net $2,500 per annum, '' then and in that event, at the sole discretion of the Beneficiaries, the said 390 shares shall revert back to the Beneficiaries free of the obligation to Contestant, and be dealt with in accordance with the direction of Section Seven of the will.''

In behalf of petitioner it is urged that the use of the word '' annuity '' sustains the view that the agreement intended to put her in the position of a true annuitant. At the most, that is but one of the matters to be weighed in the inquiry. The mere fact that payments are described as constituting an annuity is not sufficient to exclude them from the recipient's taxable income (*Matter of White* v. *Gilchrist*, 214 App. Div. 153, 155, 156). In our opinion the companion argument that there was a transfer of corpus, of dividend income previously collected and of future income, if required, out of all of which a flat monthly payment was to be made for the term of her life, reverses the payment procedure set up in the agreement and is a conclusion not justified by the whole text thereof. However one interprets the intent of the settlement agreement, it remains clear that first to be used for payments to her were the dividends to be received after October 1, 1934.

The rational and necessary inference to be drawn from the whole context of the agreement is that the trust fund was intended to be preserved intact for the remaindermen under the will. It purported to deal only with the portion of the testator's property bequeathed by him in the Seventh clause of his will, plus dividends thereon received up to October 1, 1934. The testator's trust, with its corpus enhanced by the intermediate dividends, continued in effect except that the beneficiaries thereunder opened their ranks to include the contestant, this petitioner, payments to whom were made a first charge on future stock dividends, the surplus thereof to be applied as the testator had directed. Thus, while the so-called transfer and assignment of the corpus to the executors or trustee was stated to be for the benefit of the contestant, it also remained for the benefit of the beneficiaries.

In the same instrument the executors and trustee agreed to *hold* the stock and accrued **divide**nds and to *use* subsequently accruing dividends, first for the purpose of making payments to

the petitioner and then to the other persons entitled thereto under the will. In addition, they agreed not to release the stock for sale unless.they should hold sufficient cash to meet the conditions already referred to as to investment in United States Government securities to net $2,500 per annum for payments to petitioner. The Guarantee Trust Company, as trustee, joined in the agreement in its representative capacity only and " assumes no obligation other than those imposed on it under the terms of the will in the Seventh clause thereof ", which duty included no power to invade the corpus.

The contention that the payments to petitioner were not taxable inasmuch as they represented the settlement of a will contest is beside the point. The commission determined that the value of the right (to receive monthly payments) " received * * * under the terms of the settlement agreement was acquired by her by inheritance and not includible in gross income for the year 1934 ". That is in accord with the rule of *Lyeth* v. *Hoey* (305 U. S. 188) where the petitioner had received part of the corpus of the decedent's estate in the compromise of his contest.

While section 199 of the Tax Law (cf. Tax Law, § 375) states that a determination of the commission " may be reviewed both upon the law and the facts ", that power is construed to mean that the determination is not to be disturbed by the courts unless clearly shown to have been erroneous. (*People ex rel. Hull* v. *Graves*, 289 N. Y. 173, 177). The determination in this case represented inferences properly to be drawn from the record and should be confirmed, without costs.

FOSTER, P. J., BERGAN, COON and HALPERN, JJ., concur.

Determination confirmed, without costs. [See *post*, p. 975.]